**V. F. MASHEK, Jr., et al., Plaintiffs,**

v.

**Leopoldo Dias SILBERSTEIN et al.,
Defendants.**

United States District Court
S. D. New York.
March 12, 1957.

Samuel Becker, New York City, for plaintiffs.

Weisman, Celler, Allan, Spett & Sheinberg, New York City (Milton C. Weisman, Lester Samuels, Cecelia H. Goetz, New York City, of counsel), for defendants.

WEINFELD, District Judge.

This is a motion by one of three plaintiffs in a derivative stockholders' action for leave to drop him as a party plaintiff and to dismiss the action as to him upon the merits and with prejudice. The basis of the motion is that he is no longer a stockholder of the corporation on whose behalf the suit was commenced.

For the purposes of the motion the moving plaintiff admits the allegation of Paragraph 17 of the defendants' affirmative defense that he was not a shareholder at the time of the transactions complained of. Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. requires that in a suit such as this the plaintiff under oath shall aver he was such a shareholder. The complaint in substance does contain such an allegation.

The present motion was made after a notice for the taking of plaintiff's deposition had been served, and on the eve of the date for his scheduled examination.

The defendants oppose the application which from the plaintiff's papers is alternatively asserted to be made either pursuant to Rule 41(a)(2) for dismissal by order of the Court at plaintiff's instance, or Rule 23(b) because he now concedes he was not a shareholder when the complained of acts occurred, or Rule 21 for leave to drop him as one of the

original three who instituted the suit.[1] The defendants contend that the present motion is not made in good faith and that its sole purpose is to prevent an examination of the plaintiff with respect to the circumstances surrounding the commencement of the present suit. They also urge the action was not commenced in good faith; that on the contrary, instead of being brought for the benefit of the corporation, its essential purpose is to defeat its corporate rights and to benefit another corporation, as well as individuals who are hostile to its interests. In short, the defendants contend that this plaintiff as well as the other two, while purporting to act for the corporation are in fact acting for others who are the real parties and whose interests are inimical to those of the corporation herein. It is these and other matters as to which the defendants seek to examine the moving plaintiff.

■ Upon the argument, in view of the various contentions made as to when plaintiff became, and when he ceased to be, a shareholder, the Court requested an affidavit from plaintiff himself since the only supporting affidavit was submitted by his attorney. Such an affidavit has been filed. While it sets forth the date of the purchase of the shares by plaintiff and also states that he thereafter sold them to provide funds for the purchase of a home, it rather guardedly omits specific information as to the date of sale. This circumstance, plus the fact that in admitting the allegations of Paragraph 17 of the defendants' answer, thereby in effect repudiating his own allegation in the complaint that he was a shareholder when the acts complained of occurred, strongly suggest there is substance to the defendants' contention that the present motion is a calculated move to avoid

examination on the subject as to whether this suit has been fostered by others to defeat rather than to enforce the rights of the corporation.[2]

■ Plaintiff's application, under Rule 21 or Rule 41(a)(2), is subject to court order and the imposition of such terms and conditions as may be warranted by the facts of the case. It does not seem sound public policy to permit individuals to commence derivative actions and after answer by the defendants and when substantial steps have been taken to resist the suit and expenses incurred, to permit them to withdraw at the very moment of their scheduled examination. Such plaintiffs are not acting as individuals but as representatives of the corporation whose rights they professedly assert. In such a situation the corporation which has appeared in the action is entitled to have the benefit of their testimony. Their self-assumed obligation as the corporate champions may not be shed at will as in the case where only their individual interests are involved. Cf. Young v. Higbee, 324 U.S. 204, 213, 65 S.Ct. 594, 89 L.Ed. 890. And since the rights of other shareholders than the plaintiff are involved, the Court must be alert to protect their interests. It is not without significance that Rule 23(c) requires that all class actions, derivative and otherwise, shall not be dismissed or compromised without approval of the Court.

■ Accordingly the motion to drop the moving plaintiff as a party and to dismiss the action with prejudice as to him is granted but only upon condition that he submit to the taking of his deposition pursuant to the notice previously served. At said plaintiff's option the examination may be conducted at his present residence in Florida but upon the

---

1. The notice of motion failed to comply with the local requirement that a moving party set forth the rule under which the application is made (see daily notice, New York Law Journal).

2. See, *Note,* 36 B.U.L.Rev. 78, 91–5 (1956). The suit seeks to enjoin the corporation from acquiring the controlling stock of another corporation for whose benefit the defendants contend the present action was brought. Different considerations might obtain were the action one to recover funds from alleged wrongdoers for breach of fiduciary duty.

further condition that he pay the reasonable expenses and a reasonable fee for the attendance of one attorney to represent the defendants, the amount to be fixed in the order to be entered herein. See, Morrison Export Co. v. Goldstone, D.C. S.D.N.Y., 12 F.R.D. 258, 260.

In the disposition of this motion this Court has disregarded the press clippings which were submitted since they have no relevancy or bearing on the motion.

Settle order on notice.