**BOONE et al. v. WYNNE et al.**
**Civil Action No. 37362.**

District Court of the United States for the District of Columbia.
March 24, 1947.

Brandenburg & Brandenburg, of Washington, D. C., for plaintiffs.

Richard E. Wellford, of Washington, D. C., for defendant Daniel F. Boone.

Richard L. Merrick, of Washington, D. C., for defendants Jessie V. and George C. Wynne.

KEECH, Justice.

The defendant Daniel F. Boone filed a notice for the taking of depositions of all the plaintiffs in the above entitled cause at the office of counsel for said defendant upon specified dates. In opposition to this motion, counsel for plaintiffs filed a motion to vacate the notice for taking of said depositions, or, in the alternative, to require that such depositions be taken at the place of residence of the plaintiffs and that the expense of the attendance of counsel for the plaintiffs and a reasonable counsel fee be paid in advance by said defendant, Daniel F. Boone, to counsel for the plaintiffs, or to require counsel for said defendant to submit written interrogatories for answer by the plaintiffs under oath. The motion was argued and memoranda were filed by the respective counsel.

It will be noted that the plaintiffs reside in Tryon, North Carolina, New York, New York, and McAlester, Oklahoma. The complaint in this cause seeks to set aside conveyance, establish lien of judgment, and foreclose. The complaint is specific as to what is alleged to be a legal fraud, namely, an absence of consideration or inadequate consideration. By the terms of the complaint the specific frauds complained of are recited in some detail. The answer of the defendant Boone is general in character.

Under the circumstances, it is the opinion of the Court that it would be unreasonable to require all of the plaintiffs to come to the District of Columbia for the purpose of oral depositions unless the party seeking to obtain the depositions pay in advance the expenses of plaintiffs' travel to and from their respective residences and reasonable hotel costs during plaintiffs' stay in the District of Columbia for the purpose of taking said depositions, such expenses to be subject to reimbursement by the plaintiffs in the event said defendant ultimately prevails in this action.

Disposition of the motion will be made on the following basis:

(1) If the defendant Boone so elect, the depositions will be taken orally in the District of Columbia if, in advance, the defendant Boone pay plaintiffs' counsel a sum sufficient to meet the expense of the travel of plaintiffs both ways between their respective residences and the District of Columbia, plus their hotel bills while in the District of Columbia for the purpose of the taking of their depositions, such reasonable travel and hotel expenses to be agreed upon by counsel, or on their failure to agree to be fixed by the Court, and to be subject to reimbursement by the plaintiffs in the event said defendant ultimately prevails in this action.

(2) If the defendant Boone prefer, the depositions will be taken orally at the respective residences of the plaintiffs or at a reasonable distance therefrom.

(3) Should the defendant Boone not accept either of the alternatives mentioned, the depositions must be taken on written interrogatories.

All of the foregoing shall be conditioned on the fixing of specific times and places to be agreed upon by respective counsel or, in the event of their failure to agree, to be fixed by the Court.

Counsel to submit an appropriate form of order.