**WORTH v. TRANS WORLD FILMS, Inc.**

United States District Court
S. D. New York.
Jan. 24, 1951.

Becker, Berman & Odell, New York City, for plaintiff.

Schwartz & Frohlich, New York City, for defendant.

198

WEINFELD, District Judge.

The plaintiff moves for an order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. (1) vacating the notice for the taking of his deposition in this District on the ground that it will impose undue and unreasonable hardship as he is a resident of Chicago, Illinois; (2) in the alternative that his deposition be taken only on written interrogatories; (3) in the alternative that an oral examination be taken at Chicago, Illinois, and that defendant pay to plaintiff's attorneys their expenses and a reasonable counsel fee for attendance at such examination.

The action was instituted by plaintiff to recover $107,276.89 and the American dollar value of 176,700 Austrian shillings allegedly due him as a result of defendant's breach of contract. The defendant's answer is a general denial except admission that the sum of $276.89 is due and that 176,700 Austrian shillings were not paid. In addition, defendant pleads as a separate defense two releases allegedly signed and delivered by plaintiff to defendant.

■ The Court is not persuaded that any undue or unreasonable hardship would be imposed upon the plaintiff if he were required to attend here for the taking of the deposition. No circumstances are set forth to warrant that conclusion. New York is readily accessible from Chicago by either plane or train, and considering the amount sued for, the expense involved in requiring plaintiff to appear is nominal.

■ With respect to the alternative request that the deposition be taken only on written interrogatories, the advantages of oral examination over the rigidity of written interrogatories are readily acknowledged. Cross-examination of a witness who may be evasive, recalcitrant or non-responsive to questions is an essential in ferreting out facts, particularly of an adverse party or witness. The affidavit submitted on behalf of the defendant indicates that the proposed examination will be far from a perfunctory one and no reason has been submitted why full scope of inquiry should be proscribed in this case.

■ Finally, there remains the request that the oral deposition be taken in Chicago and that the defendant be required to pay the expenses of plaintiff's attorneys and a reasonable counsel fee. It seems to the Court that the plaintiff if he decides not to come to New York City for examination should pay the expenses and counsel fee of the defendant.

Accordingly, the motion is denied except as otherwise indicated herein.

Settle order on notice which may contain an alternative provision that if plaintiff decides not to come to this District for the oral examination, it may be conducted in Chicago, Illinois, upon condition that expenses and reasonable counsel fee shall be paid to defendant's attorneys in an amount to be fixed by the Court.