**MORRISON EXPORT CO., Limited, v. GOLDSTONE et al.**

United States District Court
S. D. New York.
Jan. 23, 1952.

Milbank, Tweed, Hope & Hadley, New York City, for plaintiff.

Max Ornstein, New York City, for defendant Goldstone.

Hays, Wolf, Schwabacher, Sklar & Epstein, New York City, for defendant Kastor.

WEINFELD, District Judge.

Plaintiff, a foreign corporation with its principal office in Vancouver, British Columbia, Canada, commenced this action against the defendants to recover damages for alleged breach of contract.

Each defendant served a notice to take the deposition of the plaintiff by two of its agents, D. C. Oswald, a resident of New York City, and A. W. Alexander, a resident of Vancouver. The defendant Goldstone also seeks to examine "such other officers and employees of said plaintiff as have knowledge of the matters involved in this action."

The place of the proposed examination is in New York City, within this district.

The plaintiff moves pursuant to Rule 30 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate the notices in their entirety, or in the alternative (a) that the deposition of D. C. Oswald should not be taken until he is physically able to testify; and (b) that the examination of A. W. Alexander, or any other officer or employee of the plaintiff having knowledge of the matters involved herein, shall be taken upon written interrogatories; or (c) in the event an oral examination is permitted, it be conducted at the residence of A. W. Alexander, the defendants to pay the expense and fees of plaintiff's counsel, or, if it be conducted here, then the defendants are to pay the transportation, hotel and other expenses of the said witness.

The defendants by way of cross relief seek priority and completion of the plaintiff's examination before plaintiff examines the defendants.

The plaintiff's contention that there is no necessity for the proposed examination because the transactions were either conducted or confirmed in writing, is entirely without merit and misconceives the purpose of the deposition-discovery procedure under the Federal Rules of Civil Procedure. The purpose is (1) to clarify the basic issues between the parties; and (2) to ascertain the facts or information as to the existence or whereabouts of facts, relevant to those issues. Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 391, 91 L. Ed. 451. That authority also holds: " * * the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." 329 U.S. at page 507, 67 S. Ct. at page 392. In addition, the affidavits

submitted by the defendants clearly establish the need for the examination.

■ There is no proof to support plaintiff's charge that the purpose of the examination is to annoy or harass the plaintiff. No doubt plaintiff and its representatives who are to be examined will be inconvenienced—as are all parties when required to submit to examination—but this is no ground for denial of the deposition-discovery process.

■ The motion to vacate the defendants' notices is denied except as to that portion of defendant Goldstone's notice which seeks to examine "such other officers and employees of said plaintiff as have knowledge of the matters involved in this action." The designation is improper under Rule 30. Moore v. Lehigh Valley R. Co., D.C., 7 F.R.D. 65; Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419; Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., Inc., D.C., 11 F.R.D. 156, 159. The defendant may, upon ascertaining either through Alexander or otherwise the names of other agents, officers or employees having knowledge of the facts, examine such persons subject to the Rules.

■ The alternative motion to limit the examination to written interrogatories is also denied. The Court is not persuaded that the proposed examination can be adequately conducted by that method of interrogation. My views on the desirability and advantages of oral questioning are set forth in Machinoimport v. Clark Equipment Co., D.C., 11 F.R.D. 55 and Worth v. Trans World Films, Inc., D.C., 11 F.R.D. 197. The affidavits submitted by the attorneys representing the respective defendants demonstrate the necessity for a full and complete oral examination.

■ Plaintiff's agents will be required to submit to examination in this forum but at plaintiff's own expense and not at the defendants'. The plaintiff, having selected this forum to prosecute its claim, must expect to defray the costs incidental to litigation. However, at plaintiff's option, the examination of Alexander or any of its other representatives who are not residents of this district, may be conducted at their places of residence, conditioned upon payment by plaintiff to the defendants of the expense and reasonable counsel fees in an amount to be fixed by the Court for attendance at the examination. Machinoimport v. Clark Equipment Co., supra; Worth v. Trans World Films, Inc., supra; Groll v. Stolkin, U.S.D.C., S.D., 12 F.R.D. 262.

There remains the cross-motion by the defendants staying any examination of them by plaintiff until plaintiff's examination is completed. The sole ground is the priority of service by the defendants of their notices. It appears that plaintiff's agent, D. C. Oswald, has suffered a coronary thrombosis and according to his physician's affidavit he will not be able to testify for a period of at least three months without jeopardizing his health and subjecting himself to the danger of another attack.

■ The rule of priority of examination according to order of service of notice is not an inflexible one and may yield to individual circumstances. See Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., Inc., supra, 11 F.R.D. at page 158.

■ The cross-motion of the defendants for priority is granted except with respect to the taking of testimony of D. C. Oswald, whose examination is set for ninety (90) days from the date of this order. The testimony of Alexander, and any other officer, director or managing agent of plaintiff whose testimony the defendants may take pursuant to the Rules (other than the aforesaid D. C. Oswald) shall be completed and sworn to before plaintiff commences its examination of the defendants.

Settle order on notice.