## MONTGOMERY v. SHELDON et al.

United States District Court
S. D. New York.
April 19, 1954.

Asbury S. Edmonds, New York City, for plaintiff.

Fischbach & Crowe, New York City, for defendants Robert T. Norment and Queensboro Packaging Corp.

DIMOCK, District Judge.

Plaintiff moves (1) to vacate a notice for the taking of his testimony as premature and oppressive or, (2) in the alternative, that the notice be modified by direction of the court (a) adjourning the examination to afford plaintiff time to serve the summons on defendant Sheldon and (b) requiring examination upon written interrogatories at Tacoma, Washington.

The summons in this case has been served on all five defendants except defendant Sheldon, who is a resident of Connecticut. Plaintiff's argument that the noticing of his examination is premature and oppressive is based upon the claim that defendant Sheldon, when served, will retain a separate attorney and will want to examine plaintiff on his own behalf. This argument seems to me to be too speculative to warrant halting normal preparation for trial. Moreover, it is very probable that Sheldon, if served, would succeed in getting plaintiff to withdraw the action or, at least, withdraw it as against him. Plaintiff is a resident of the State of Washington, defendant Sheldon is a resident of Connecticut and the other defendants are residents of the State of New York. Title 28, U.S.C. § 1391 provides that a civil action, such as this, where jurisdiction is founded only on diversity of citizenship, may be brought "only in the judicial district where all plaintiffs or all defendants reside."

I am not impressed by plaintiff's plea for an adjournment of the examination to give him time to serve defendant Sheldon. There is nothing in the affidavits to indicate that Sheldon is likely to be found within the Southern District of New York.

I thus turn to that portion of plaintiff's motion which is directed to a requirement that the examination be upon written interrogatories rather than upon oral questions. The general rule is that a plaintiff, having chosen the forum, must submit to oral examination within the district that he has chosen. This general rule may be varied in exceptional cases and plaintiff seeks to bring the instant case within the exceptions. He seeks to prove that the condition of his health and of his finances is such as to make it unfair that he should be required to appear for examination in New York. The only doctor's affidavit that he submits is that of a doctor who treated him six years ago but who has maintained contact with him by mail and says that from what he knows of plaintiff's condition "when he was my patient" he considers it important for him to avoid nervous tension and that mental stress or strenuous excitement, especially in this locality of his former nervous collapse, might be expected to produce serious impairment of his health. The administration of justice in such fashion as to avoid mental strain is beyond human wisdom. Plaintiff would have to subject himself to nervous tension at the time of the trial even if he were shielded from it now.

Likewise, society has been unable to devise a system under which justice is free. Plaintiff submits an affidavit of his employer who says that in his opinion the funds required for a trip to New York would have to arise from some source other than his earnings during the period of plaintiff's employment by him. Plaintiff says that he is presently without available funds to permit the expenditure of sufficient money to enable him to travel to New York.

One solution might be to leave defendants to oral examinations in the State of Washington but I am loath to put defendants to expense for the privilege of being sued. This is not a case of personal injuries which have deprived plaintiff of ability to earn a livelihood but is an action on five causes of action, the first for misappropriation of corporate stock, the second for money paid by plaintiff for whiskey had and received by defendant Sheldon, the third for misappropriation of shares of stock in another corporation, the fourth for household furniture sold and delivered, and the fifth for breach of contract to purchase corporate stock. The aggregate judgment demanded is $254,117. From the dates set forth in the complaint, it appears that the transactions all took place before plaintiff moved away from the Southern District of New York.

Under all of the circumstances, I feel that plaintiff has failed to show sufficient cause for making an exception to the general rule that a plaintiff must submit to oral examination in the forum where he elects to bring a lawsuit in the federal courts.

Motion denied.