Carl FISSER and Martha Fisser, copartners d/b/a Fisser & v. Doornum (on their own behalf and on behalf of any other parties who are or may become interested), Libelants,

v.

The INTERNATIONAL BANK, Respondent.

United States District Court
S. D. New York.
March 22, 1957.

**420**

Crowell, Rouse & Varian, New York City, for libelants.

Becker & Martin, New York City, for respondent.

DIMOCK, District Judge.

Libelants, Carl and Martha Fisser, move pursuant to Rule 30(b), F.R.Civ.P. to vacate a notice of the taking of their testimony in New York or, in the alternative, that the deposition be taken at Hamburg, West Germany, and that respondent defray libelants' counsel's expense of attending there or, in the alternative, that the examinations be taken on written interrogatories.

Libelants, residents of Hamburg, West Germany, bring this action to compel arbitration to determine the damage sustained due to respondent's alleged breach of an affreightment contract. Respondent has not filed an answer. In an affidavit opposing this motion respondent alleges that it was not authorized to enter into the contract alleged, and that no officer acting on behalf of respondent was authorized to execute such a contract and that the statute of frauds is a defense. Respondent's name does not appear in the charter party or as a signatory and it is libelants' claim that the signatory acted as respondent's agent.

Libelants allege without contradiction that the negotiations which resulted in the charter party were conducted between a brokerage firm in New York and a brokerage firm in Hamburg. Respondent does not suggest anything of value that might be disclosed by examining libelants.

██ The general rule is that a plaintiff, having chosen the forum, must submit to oral examination within the district he has chosen. Sweifler v. Sleco Laces, Inc., D.C.S.D.N.Y., 11 F.R.D. 202; Montgomery v. Sheldon, D.C.S.D.N.Y., 16 F.R.D. 34. However the defendant does not have an absolute right to examine the plaintiff orally at the forum. Hyam v. American Export Lines, 2 Cir., 213 F. 2d 221; Timblo v. Rhode Island Insurance Company, D.C.S.D.N.Y., 16 F.R. D. 563. The respondent's preference for oral examination at the forum must be weighed against his actual need, and the resulting burden to the libelants. Hyam v. American Export Lines, supra. The respondent has not shown that the necessary testimony cannot be secured by written interrogatories.

Libelants' motion to vacate the notice to examine the libelants before trial will be granted unless respondent stipulates that the examination be taken at Hamburg and that respondent will pay libelants' counsel's expense of attending there, or that the depositions be taken on written interrogatories.