323 P.2d 286

James E. WRIGHT, Plaintiff-Appellee,

v.

The ATCHISON, TOPEKA and SANTA FE RAILWAY COMPANY, a corporation,

Defendant-Appellant.

No. 6293.

Supreme Court of New Mexico.

March 19, 1958.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellant.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellee.

PAUL TACKETT, District Judge.

On February 3, 1956, the plaintiff-appellee sued the defendant-appellant for $27,500, plus costs, as damages for personal injuries, loss of time, pain and suffering, and medical expenses, alleged to have resulted proximately from the negligence of the defendant in failing to furnish the plaintiff with safe equipment and a safe place to work. Thereafter the plaintiff filed an amended complaint which was allowed by the court and prayed for damages in the sum of $65,000, on the same grounds.

By its answer the defendant denied negligence on its part and set forth as a defense contributory negligence on the part of the plaintiff.

The case was tried to a jury which found for the plaintiff and assessed his damages at $12,582.

The record discloses that the plaintiff was employed by the defendant as a switchman at Gallup, New Mexico, and that on the 26th or 27th day of January, 1955, he sustained a back injury while attempting to throw a switch on the west cross-over switch from the east bound to the west bound main line.

The defendant seeks a reversal of the verdict and judgment entered thereon under three points.

"First. That the court erred in permitting Dr. Rosenbaum to testify, over objection of the defendant-appellant, to facts related to him by the plaintiff-appellee concerning the manner in which the accident occurred, which had no relation to the nature of the injury, nor was the same necessary for diagnosing the plaintiff's ailment or prescribing treatment for injuries complained of by the plaintiff-appellee."

The testimony given by Dr. Rosenbaum of which appellant complains of is as follows:

"Q. What history did you get? A. He said that he suffered an injury on January 26, 1955, while throwing a frozen switch, he was pulling hard on a switch lever, his right foot slipped and slipped right—

"Mr. Cooper: If the court please, we object to the recitation of any history given by the patient to the Doctor, other than what is necessary to treatment, as relating the incidents of the accident or anything that relates to the nature of the accident, we object.

"Court: Overruled.

"Mr. Chavez: Will you continue, Doctor?

"A. The patient stated he was pulling hard on the switch lever, his right foot slipped and he suffered quite a hard twist, although he did not fall to the ground, he had moderate pain at first, continued to work but became worse the next day and since then he has sought treatment from his doctor in Gallup, and has been sent to the Santa Fe Hospital in Los Angeles."

On cross-examination attorney for appellant elicited the following answer from the doctor:

"A. I believe he was straining against a switch and he stated that his right foot slipped and that he did not

fall to the ground, but that he felt a sharp pain in his low back. In other words, there was a sudden forceful twisting or jerking of his low back and that is adequate to produce damage to the joint and other structures."

In connection with Dr. Rosenbaum's testimony the appellee testified that he had been hurt trying to throw a switch; that he had made an attempt to line the switch, yanked on the switch as he lifted the handle up and that his foot had slipped off the tie and that he had gone over backwards. The switch failed to open, the handle remaining in the same position. While he did not fall all the way to the ground, he did twist his back and suffered a sharp pain in his back.

The court instructed the jury that:

"A physician may be permitted to testify concerning statements made to him by a patient in connection with his efforts to learn the patient's history and condition for purposes of diagnosis and treatment. Such evidence is received and may be considered for only the limited purpose of showing the information upon which the physician based his opinions.

"The statements so repeated by him or her may not be regarded as evidence of their own truth."

In analyzing the testimony of Dr. Rosenbaum it shows that the testimony does not lend itself to the office which appellant wishes to assign to it and as the court stated in the case of Waldroop v. Driver-Miller Plumbing and Heating Corporation, 61 N.M. 412, 301 P.2d 521, 524, as follows:

"In every diagnosis of a physician, the opinion expressed by him is necessarily founded upon both objective and subjective symptoms. In order to express an intelligent opinion he must know as much as he can ascertain of the physical history of the patient, whether the purpose of his examination is to treat the patient or to express an opinion in court as to his condition and its causes. If in stating an opinion it is clearly expressed as based on statements made by the individual and that which he ascertained by examination of that person's body, we fail to see how any harm can be done by the fact that the examination was not made for purposes of treatment."

Likewise, in the case of Pullman Palace Car Co. v. Smith, 79 Tex. 468, 14 S.W. 993, 994, 12 L.R.A. 215, the Court, speaking of an error such as claimed by appellant herein stated:

"We find no error in the action of the court in permitting the physician who attended Mrs. Smith during her illness to state what she told him while he was treating her, about her

exposure at the place where she left the train, in connection with his own opinion as to her cause of her sickness. The statement was made as the basis of the doctor's opinion, and not as independent evidence to establish the fact of exposure; even had the latter been the purpose, it would furnish no ground for the reversal of the judgment, as both the wife and the husband had, as witnesses, themselves fully stated every fact upon the subject, and there was no opposing evidence with regard to the circumstances attending their leaving the train, and the exposure that followed it."

Also, in the case of Tierney v. Charles Nelson Co., 19 Cal.App.2d 34, 64 P.2d 1150, 1152, that Court stated:

"A reading of the foregoing cases and other authorities leads to the conclusion that it is often difficult to draw the line in determining which portions of a given statement of a patient may and which portions may not be properly given in evidence by the physician. But we believe that the difficulty presented by this type of testimony is more apparent than real when the purpose of admitting such evidence is considered and appropriate instructions relating thereto are requested and given. Such evidence is not admitted for the purpose of establishing the facts contained in the state-

ment of the patient, but it is admitted to show the bases for the physician's opinion as to the nature and extent of the injuries * * *. The appellant might properly have requested that the jury be given an instruction to that effect and, having failed to request such instruction, we do not believe appellant may be heard to complain on this appeal. It may be further stated that substantially the same 'history of the accident' was given under oath by respondent in the trial and that appellant was permitted to introduce substantially the same 'history of the accident' * * *." (It is to be noted that there is great similarity of the language of the California Court in the foregoing case to the language of the Court in the Waldroop case.)

Likewise it is well to compare the Perangelo's Case, 277 Mass. 59, 177 N.E. 892; also, Kennedy v. Woods, 131 Neb. 217, 267 N.W. 390, where the same principles were recognized.

Appellant has failed to show or contend that the result of the verdict would have been otherwise or that the damages would have been less than those awarded by the jury or that appellant was prejudiced by the testimony, even if this court went so far as to say that the testimony was erroneously admitted, which this court does not say, it would not be reversible error, as pronounced by this court in Howse v.

Robert E. McKee Co., 63 N.M. 129, 314 P.2d 727.. Point No. 1, is ruled against appellant.

"Secondly: That the court erred in permitting the plaintiff to testify, over objection of the defendant, as to his family and more particularly, that he was married, had two children, that their ages were thirteen and fourteen, and that they were in school."

When the plaintiff was being interrogated by his own counsel, he was asked about his marital status and the number of children that he had and if they were in school. The defendant duly objected to this line of questioning, which objection was overuled by the trial court and the questions and answers are as follows:

"Q. Are you married, sir? A. Yes, sir.

"Q. When were you married? A. 1940.

"Q. You have any children?

"Mr. Cooper: We object to any of this testimony, it has no bearing upon any issue in this case, and if the Court has any doubt about it, I would like to cite authorities

"Court: The Jury may retire."

Thereafter, the jury retired and argument of counsel for plaintiff and defendant was heard by the trial court, which court overruled the objection. The jury then returned and Mr. Chavez continued.

"Mr. Chavez: You have any children? A. Yes, I have.

"Q. How many children do you have? A. Two.

"Q. Boys or girls? A. One boy and a girl.

"Q. How old are they?

"Mr. Cooper: May we have our objection go to all this line of interrogation?

"Court: The record will so show.

"A. The girl is 13 and the boy is 14.

"Q. Are they in school? A. Yes, sir."

Appellant contends that this evidence was improper because it was not relevant to the issues of the case and was incapable of affording any legitimate presumption or inference regarding the facts in issue. Appellant quotes Miranda v. Halama-Enderstein Co., 37 N.M. 87, 18 P.2d 1019, 1020, in which the Court said:

"It seems to be generally held that evidence of the injured plaintiff's domestic relations is irrelevant to the question of damages, and that, when of a nature calculated to prejudice, its admission will constitute reversible error."

However, the court in the opinion of Miranda v. Halama-Enderstein Co., observed:

> "Over repeated objections, appellee was allowed to show that her husband had been sick for fifteen years, and unable to work, and that his support fell upon her. Appellant contends that the evidence was irrelevant as a measure of damages—on which question it could alone have any bearing —and that, as it contained an appeal to sympathy, it was prejudicial."

The character of the evidence there is certainly different from that challenged by appellant in this case, as the evidence challenged pertained to the sickness and disability of the plaintiff's wife and to the fact that his support fell upon her, which is entirely different from the testimony challenged in this case.

The appellant also relies upon the case of Pennsylvania Co. v. Roy, 102 U.S. 451, 26 L.Ed. 141. The facts were materially different from the facts and circumstances in the case at bar. Evidence was introduced to prove the financial condition of the injured workman and further to show that after he was injured his sources of income were very limited. In addition to this, there was evidence introduced as to the number and ages of the children of the plaintiff. The court stated that evidence as to the financial condition and limited income "was irrelevant" and that the evidence as to the children "had no legitimate bearing upon any issue in the case".

The objection to the introduction of this type of evidence was to inform the jury that the plaintiff had infant children dependent upon him for support and, consequently, his injuries involved the comfort of his family. This proof in connection with the impairment of his ability to earn money was well calculated to arouse the sympathies of the jury and to enhance the damages beyond the amount permitted by law.

The Supreme Court found that the trial judge had subsequently withdrawn from the consideration of the jury, the evidence touching upon the financial condition of the plaintiff but as the court states: "The Court in a manner well calculated to arouse the sympathies of the jury * *." withdrew from its consideration the *evidence touching the financial condition of the plaintiff*; but as nothing was said by it, touching the evidence as to the ages of his children, they had the right to infer that the proof as to those matters was not withdrawn and should not be ignored as to the assessment of damages. In other words, the Roy case involved a case of highly irrelevant evidence by negative inferences which is entirely different, with the facts and circumstances than the case at bar.

The appellant relies on the case of Waldroop v. Driver-Miller Plumbing and Heating Corporation, supra, which was cited for the proposition that it was error to allow the wife to testify over the objection of appellants that both she and a minor child of the parties were compelled to go to work in order to support the family; and that to supply family needs it became necessary to sell certain articles of furniture and equipment at public auction; also, that claimant and his family were finally compelled to apply for charitable assistance from several organizations.

The Waldroop case, on its face, contained an entirely different type of evidence such as touching on the *poverty of a party, his financial condition and his inability to support himself and his family,* as distinguished from the type of evidence to which the appellant was objecting in this case. This is the type of evidence of which this court spoke in Miranda v. Halama-Enderstein Co., supra. The appellant does not show or urge upon the court that the verdict would have been for the defendant or that the verdict would have been for a lesser amount, had this evidence been excluded.

Finally it is contended that the court erred in refusing to grant the defendant's requested special interrogatories in the event the verdict was for the plaintiff, which special interrogatories required the jury to indicate the amount, if any, awarded plaintiff for (1) past pain and suffering, (2) future pain and suffering, (3) loss of time from work, and (4) future disability.

The defendant argues that the action of the court in refusing his request was an abuse of discretion as under the pleadings and proof submitted it was entitled to a jury expression as to what items of damages for which allowance was made, and relies, in particular, upon the case of Curtis v. Schwartzman Packing Co., 61 N.M. 305, 299 P.2d 776, 782, wherein the court stated:

"The allegations of the pleadings and the proof submitted, however, are such that we believe the defendants were entitled to have the jury's expression as to what items of damage for which allowance was made; and how much was given for each item for which allowance was made. In no event could an allowance be made for any of the items alleged in excess of the amount stated in the complaint as that sustained."

It is to be noted that in the Curtis v. Schwartzman Packing Co. case, the plaintiff in the complaint, under paragraph five separates in sub-paragraphs the items and amounts claimed as damages by the plaintiff, whereas in the case at bar, in paragraph three of the complaint, the plaintiff alleges that because of the negligent failure of the defendant to fur-

nish the plaintiff safe equipment and a safe place to work, the plaintiff received the injuries above described which have caused him to suffer excruciating pain and have further resulted in the loss of time from work and will result in disability, permanent in character, all to plaintiff's damage in the sum of $65,000.

It is elementary that the trial court exercises a broad discretion in the manner of what issues should be submitted to the jury. This rule has been followed in the cases of Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214; Madsen v. Read, 58 N. M. 567, 273 P.2d 845; Robinson v. Palatine Insurance Co., 11 N.M. 162, 178, 66 P. 535; In Independent Steel & Wire Co., v. New Mexico Cent. R. Co., 25 N.M. 160, 178 P. 842, 843, approved among other definitions of "discretion" the following:

> "Freedom to act according to one's judgment; liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence; to act upon a fair judicial consideration, and not arbitrarily."

Citing State v. Foren, 78 Kan. 654, 97 P. 791; Larsen v. Bliss, 43 N.M. 265, 91 P. 2d 811, the Court further stated:

> "An abuse of discretion is said to occur when the court exceeds the bounds of reason, all circumstances before it being considered."

In this case there is nothing in the pleadings and presumably nothing in the proof (since no evidence is alluded to) to warrant the charge leveled upon the trial judge of "abuse of discretion". The interrogatories amount to little more than a cross-examination of the jury, and it is within the sound discretion of the trial judge, based upon the facts and circumstances involved in the particular case, to determine whether the matter shall be submitted to the jury on general verdicts or special interrogatories or both. Further, there is no showing or contention that the results would in any way have been different, even if appellant's position had been correct.

Finding no reversible error, the judgment of the trial court should be affirmed.

It is so ordered.

LUJAN, C. J., and COMPTON, J., concur.

McGHEE, J., dissenting in part.

KIKER, J., not participating.

McGHEE, Justice (dissenting in part).

The negligence charged in this case was the act of the defendant in allowing a frozen switch to remain in such condition, with the result that when the plaintiff attempted to throw it the mechanism would not work, and as a result his back was injured.

Under such circumstances Dr. Rosenbaum should not have been permitted to repeat the detailed statement made to him by the plaintiff as to the condition of the switch and the efforts to throw it.

. I believe, however, the error was cured by the instruction on the subject which is quoted in the opinion, and I will therefore concur with the above reservation.

There is no merit in the other points urged by appellant.