John Eugene O'HARA, Plaintiff,

v.

**UNITED STATES LINES COMPANY,**
Defendant.

United States District Court
S. D. New York.
May 16, 1958.

Saul Sperling, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

Defendant moves for an order, pursuant to Rule 37(d), F.R.C.P., 28 U.S.C.A., striking the complaint and dismissing the action for failure of plaintiff, a California resident, to appear for an oral deposition noticed by defendant in New York. Plaintiff cross-moves, pursuant to Rule 30(b), to vacate defendant's notice to take plaintiff's oral deposition in New York and to require that such deposition be taken on written interrogatories instead.

Plaintiff, a seaman, sues for wages allegedly due him in the sum of $83.62 and for the statutory wage penalty for alleged wrongful withholding of such wages under 46 U.S.C.A. § 596. This section provides that a shipowner who wrongfully withholds a seaman's wages is penalized "two days' pay for each and every day during which payment is delayed" beyond four days after the seaman has been discharged. It is alleged that the wages due have been wrongfully withheld since July 19, 1956, and that therefore plaintiff is entitled to two days' pay for each day after that date, by now amounting to some $22,000.

Plaintiff previously moved to vacate the defendant's notice to take his oral deposition in New York which is under attack here, alleging that to compel him to come from California to New York for examination would work undue hardship on him. Judge Sugarman denied the motion on the ground that no hardship had been shown, without prejudice to a renewal.

It now appears that plaintiff could have sued the defendant in California where he resides and where defendant does business, but instead chose to bring suit in this forum. He has been earning $340 per month for some months and there is no showing that he has any dependents. While he claims to have been under medical care recently and that for this reason his financial position is such that he is unable to come to New York, the facts stated do not support that conclusion.

Plaintiff asserts that the facts which defendant can elicit on oral examination can be adequately covered by written interrogatories, and that it is therefore not necessary for defendant to take plaintiff's oral testimony.

Defendant's answer, in addition to a general denial, sets up six separate defenses, several of which pose sharp issues of fact. They include allegations that plaintiff failed to make the demand prerequisite to suit, that when he was hired by defendant he concealed the fact that he was unfit to perform the duties for which he was employed, that he was unqualified and incompetent to perform such duties and neglected them, and that he deserted his vessel.

■■ The issues raised by the defense of failure to make demand illustrate the problem facing defendant on this examination. Plaintiff apparently admits that he made no demand in writing but relies on oral or telephonic demands of which defendant claims to have no record. Defendant is entitled to examine plaintiff thoroughly on this issue to determine when, where, to whom and under what circumstances the alleged demands were made, and, indeed, to test plaintiff's credibility by cross-examination. Rules 26(b), 43(b), F.R.C.P.

Similar inquiries may be had as to the other issues raised by the defenses.

The advantages of oral examination over the rigidity of written interrogatories is well recognized. Worth v. Trans World Films, Inc., D.C.S.D.N.Y., 11 F.R.D. 197; V. A. Machinoimport v. Clark Equipment Co., D.C.S.D.N.Y., 11 F.R.D. 55. Here it appears that the examination will be by no means perfunctory, that the issues do not lend themselves to exploration by interrogatory, and that there is no reason why defendant should not have full scope of inquiry on oral examination.

█ █ It is true that a defendant may not, as a matter of absolute right, compel a non-resident plaintiff to appear in the forum for oral deposition. Hyam v. American Export Lines, Inc., 2 Cir., 213 F.2d 221. Nevertheless, it is the usual rule that defendant is entitled to examine a non-resident plaintiff in the forum of plaintiff's own choice in the absence of special circumstances showing such undue hardship, burden and prejudice to plaintiff as would out-balance any prejudice to the defendant. Otherwise plaintiff's convenience and burden must yield and he must submit to examination in the forum in which he chose to litigate. V. O. Machinoimport v. Clark Equipment Co., supra; Alexander v. Oberndorf, D.C. S.D.N.Y., 13 F.R.D. 137; Pierce v. The Brovig, D.C.S.D.N.Y., 16 F.R.D. 569; Morrison Export Co. v. Goldstone, D.C. S.D.N.Y., 12 F.R.D. 258.

It does not appear that any such undue hardship or burden exists here. The plaintiff chose this forum when he could have sued in the district of his residence at a minimum of inconvenience to himself. The sum of $22,000 now involved in the litigation is substantial and constantly growing. His expenses will not be disproportionate to the amount involved and it does not appear that he is unable to meet them. Even if he finds difficulty in so doing and that it is a serious inconvenience to come to New York, that is one of the normal burdens of litigation which he undertook when he deliberately chose to sue 3,000 miles from his place of residence, instead of where he resided.

No good reason has been shown why plaintiff, in accordance with the usual rule, should not appear for examination here and he will be directed to do so. However, the time of taking plaintiff's deposition in New York should be such as to minimize the time in which he must be absent from his employment. The date of the examination to be fixed in the order should, by agreement of counsel, be geared to such considerations.

However, if, in the unlikely event that plaintiff wishes to have the examination taken in San Francisco at his own expense, which would plainly cost him more than his own trip to New York, he may elect to do so conditioned upon prepayment of reasonable expenses and counsel fees of defendant's counsel for attending upon and conducting such examination in an amount to be fixed by the court in the order. Such election must be made by defendant prior to the entry of the order.

Defendant's motion to dismiss is denied upon these conditions. Plaintiff's cross-motion to vacate the notice to take deposition and for the examination to be taken on written interrogatories is in all respects denied.

Settle order on notice.

### On Motion for Reargument

Motion for reargument granted. On reargument my memorandum decision of April 14, 1958 herein is modified as indicated.

In opposition to plaintiff's alternative request on this motion for reargument to have the action transferred to California where he resides, defendant now asserts that all of its witnesses and records are here and that most of the acts and transactions which are the subject of the dispute took place in this district. This is contrary to the position which defendant urged on the original motion to the effect that plaintiff had deliberately chosen an inappropriate forum three thousand miles from his place of residence solely

in the hope of obtaining special advantages here and greatly to defendant's detriment.

■ This change in defendant's position and its submission of these additional facts which it did not choose to present in the first instance, removes one of the principal bases for the original decision. It now appears that plaintiff was eminently justified in proceeding in this forum which was the proper place for his action to be brought. Indeed, had plaintiff sued in the California District Court it seems probable that a motion by defendant to transfer the cause here on the ground of convenience of parties and witnesses would have been in order and it is likely that such a motion would have been made.

■ Thus, the hardships on the plaintiff which would arise were he compelled to appear in New York for deposition, are not of his own making. They arise because of the situs of the transactions in suit. The interests of justice require that undue hardship be avoided if at all possible. Defendant will therefore be directed to proceed with its examination of plaintiff in the first instance by written interrogatories. In the event that these should prove inadequate to elicit the information to which defendant may be entitled, defendant may apply to the court for leave to proceed further by oral deposition upon a showing to this effect and upon such conditions as then seem appropriate.

Settle order on notice.