**Sanford L. GREENBERG, doing business as Sanford Company, Plaintiff,**

**v.**

**SAFE LIGHTING INCORPORATED, INERTIA SWITCH DIVISION, Defendant.**

United States District Court
S. D. New York.
Nov. 17, 1959.

Thomas J. Stephens, White Plains, N. Y., for plaintiff.

Dino Cerutti, New York City, for defendant.

METZNER, District Judge.

Plaintiff moves for an order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate defendant's notice to take plaintiff's deposition by oral examination. Plaintiff requests that defendant first exhaust its remedies by written interrogatories pursuant to Rule 33 and by demand for admissions pursuant to Rule 37. Plaintiff proceeds on the theory that the defendant has a burden of showing a compelling basis for the oral examination of plaintiff and further that the traveling expenses from Wichita, Kansas, to New York City, including meals and accommodations, are approximately $216 for one day.

 There is no burden on the party seeking the deposition to show that written interrogatories would not be sufficient for its purposes. In fact, the procedure is just the opposite. Fed.R. Civ.P. 30(b); 4 Moore, Federal Practice § 30.08 (2d ed. 1948). Experience has made it abundantly clear that the advantages of oral examination far outweigh the advantages of written interrogatories in carrying out the deposition procedures in aid of discovery under the rules.

The fact that plaintiff may be put to the expense of some $200 to appear in this jurisdiction for examination in an action where he seeks $20,000 damages does not show any undue or unreasonable hardship. Worth v. Trans World Films, Inc., D.C., 11 F.R.D. 197. If plaintiff does not desire to come to New York City for examination, he should pay the expenses and counsel fee of the defendant to go to Wichita.

Motion denied. Settle order on notice which may contain an alternative provision that if plaintiff decides not to come to New York City for examination, the examination may be conducted in Wichita, Kansas, upon condition that expenses and reasonable counsel fees shall be paid to defendant's attorney in an amount to be fixed by the court.