**Philip BERKLEY, Plaintiff,**

v.

**CLARK EQUIPMENT COMPANY, Lift Truck Rental Corporation, Clark Rental Corporation, Arthur S. Wittner, Herbert A. Warren, Louis Roberts, Morris Mishkin, Harry Reicher, Robert H. Davies and Frank V. Riggio, Defendants.**

**Civ. No. 18856.**

United States District Court
E. D. New York.

Oct. 3, 1960.

See also 22 F.R.D. 487.

Erdheim & Armstrong, New York City, for plaintiff.

Townley, Updike, Carter & Rodgers, New York City, for defendants Clark Equipment Co. and Clark Rental Corp.

BRUCHHAUSEN, Chief Judge.

The defendants move for various relief, pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The defendants desire priority in examining the plaintiff before trial. Subsequent to the joinder of issue a stipulation was entered into between the parties giving the defendants Clark priority in examining the plaintiff before trial. This stipulation has never been altered or modified. This agreement shall be given full force and effect.

■ Secondly, the defendants demand that the plaintiff's interrogatories propounded to said defendants be vacated, or in the alternative defendants time to answer said interrogatories be enlarged 30 days subsequent to the completion of the examination before trial of the plaintiff. From the affidavits submitted, the facts show that this matter was set down for pretrial conference in May 1959. The examination of the plaintiff was commenced and after three days was adjourned without date. Settlement negotiations were commenced and all matters held in abeyance pending a final settlement. The negotiations failed and this motion was restored to the calendar. From the facts it appears that the defendants should complete the examination of the plaintiff and subsequent thereto answer the following interrogatories within 30 days from the completion of the plaintiff's examination.

■ Finally, the defendants object to various interrogatories propounded by the plaintiff. Each objection shall be dealt with separately. Like the other discovery rules, Rule 33 is to be given a broad and liberal interpretation in the interest of according to the parties the fullest knowledge of the facts and of clarifying and narrowing the issues. Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338. The court, however, in its sound discretion may limit the use of interrogatories where for one reason or another the interests of justice require such action, bearing in mind that the presumption is in favor of discovery. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

Defendants' objections to interrogatory No. 5 that it is unduly broad, vague, oppressive and burdensome and would require extensive and time consuming research are sustained.

Interrogatories No. 14 and No. 15 are objected to on the ground of lack of relevancy. This information desired by the plaintiff is relevant in developing the furtherance of the alleged conspiracy among the defendants. Objection overruled.

Interrogatory No. 16 is objected to on ground that any answer thereto would be pure conjecture. This interrogatory, however, bears on the question of commission losses that the plaintiff claims on rentals achieved by the October 10, 1957 transaction. Objection overruled.

Interrogatories No. 18 and No. 19 call for expert opinion of Price Waterhouse

and Company and whether they calculated Berkley's commission in consummating the deal of October 10, 1957. The question will be limited to the inquiry as to whether an audit was made of the plaintiff's account. The result thereof would be a conclusion and not a proper interrogatory.

Interrogatories No. 21 and No. 22 are not relevant to the plaintiff's case. The answer to these interrogatories can not narrow the issue between the parties.

Interrogatories No. 23 and No. 24 are too vague. The plaintiff has failed to define what he means by same deal, side deals or key employees.

Interrogatory No. 25 is objectionable. The plaintiff has failed to show what relevancy, if any, to the present issue.

Interrogatory No. 26 calls for a calculation of the plaintiff's account while in the employ of Clark and Atlantic. Plaintiff's account while in the employ of Clark is a proper inquiry. The balance of the inquiry is objectionable.

Interrogatory No. 29 is immaterial and irrelevant to the issues involved.

Interrogatory No. 30 inquiring as to a reserve for plaintiff's claim is irrelevant.

■ Interrogatory No. 31 inquiring into the existence, description, nature, custody, condition and location of any books, documents or other tangible things is proper, but will be limited to the furnishing of information as to whereabouts of the records, pertaining to the plaintiff's claim and the name of the custodian.

Interrogatory No. 32 inquiring whether creditors were notified of the transfer of assets from Lift Truck to Clark under New York Bulk Sales Act, Personal Property Law, § 44, is irrelevant to the main issue.

Settle order on notice, in conformity with this opinion.