368 P.2d 149

Sam S. SALITAN and Irving Jacobs, a co-partnership, d/b/a Credit Industrial Co., Plaintiffs-Appellees,

v.

J. CARRILLO, d/b/a Carrillo's Plumbing & Heating Co., Defendant-Appellant.

No. 6817.

Supreme Court of New Mexico.

Dec. 21, 1961.

Rehearing Denied Jan. 30, 1962.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellant.

———————

Garland & Martin, Las Cruces, for appellees.

CHAVEZ, Justice.

This is an appeal from a summary judgment entered in favor of plaintiffs, and defendant appeals.

Appellees, Sam S. Salitan and Irving Jacobs, d/b/a Credit Industrial Co., a New York partnership, filed suit in Dona Ana County against J. Carrillo, d/b/a Carrillo's Plumbing & Heating Co., defendant-appellant. Appellees' complaint, in five counts, is predicated on five drafts, all dated February 15, 1955, denominated "trade acceptances," allegedly drawn by the third party defendant, Carbozite Protective Coatings, Inc., on appellant, Carrillo. All of said drafts were accepted by Carrillo at Las Cruces on February 15, 1955, and are payable when due at the First National Bank of Las Cruces. The first two drafts, each in the amount of $201.20, payable June 1, 1955, and July 1, 1955, respectively, were allegedly negotiated by the drawer to appellees on February 18, 1955, for value and without notice. The other three drafts, amounting to $224.10, $225.00 and $225.00, payable the first of September, October and November of the same year, were allegedly negotiated to appellees by the drawer on March 2, 1955, also without notice and for value. Each draft bears on its face these words: "The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer." According to appellees' affidavit, each draft would appear to have been discounted thirty-five per cent. The total face value of the drafts is $1,076.50, which is the amount prayed for, plus six per cent interest from due date.

Appellant, by his first defense, answered each count of the complaint by either denying the entire count or stating that he was without sufficient knowledge or information to form a belief as to the truth thereof. By his second defense, he alleged that the complaint failed to state a claim upon which relief could be granted. His third defense is that the drafts were non-negotiable because they were conditioned upon the purchase of goods by the acceptor from the drawer; hence, appellees were not the proper parties

to maintain the suit. His fourth defense was a failure of consideration and breach of warranty; hence, that appellees were not holders in due course because they were aware of the failure of consideration at the time of the alleged and purported assignment of said drafts. The fifth defense stated that the goods had been returned and alleged that appellees were estopped from asserting any claim against appellant. The sixth defense alleged a conspiracy to defraud on the part of appellees and third party defendant; and the seventh defense is that the entire business transaction took place in New Mexico and that the drawer (third party defendant) had not complied with the corporate laws of New Mexico, having no agent within the state and not having been licensed to do business here; hence, said drafts could not be the basis of a cause of action until such time that the third party defendant had complied with said laws. All pleadings are verified.

Jury demand was filed by appellees and fees paid. On April 22, 1959, appellant filed notice to take depositions in Las Cruces of appellees. Two days later, appellees filed a motion for protective order requiring depositions be taken in New York City or that written interrogatories be taken; otherwise, that if depositions were taken in New Mexico, appellant pay appellees' reasonable travel expenses. As grounds, appellees urged the cost of travel to New Mexico and stated that by deposition taken April 23,

appellant acknowledged that he had no proof of any of the defenses set forth in his answer except the claimed breach of warranty; that the only issue remaining was one of law, to-wit, whether said instruments were negotiated to the present appellees under the Negotiable Instrument Law so that appellees would be holders in due course.

On May 12, 1959, appellees filed motion for summary judgment, with attached affidavit of appellee, Salitan. Three days later, appellant filed a counter-affidavit. Appellee's affidavit tends to support the assertion that appellees were holders in due course. Appellant's affidavit repeated the defenses of conspiracy; alleged that appellees, on information and belief, were not holders in due course and, because of the lack of information and knowledge, denied the truth of appellees' affidavit.

On October 14, 1959, the trial court heard appellees' motion for a protective order. At the same time appellant filed an affidavit in opposition to appellees' motion, said affidavit being similar in many respects to that submitted at an earlier hearing on the motion. The later affidavit stated that appellees had shown no unreasonable hardship, oppression, or the presence of any special circumstances to support their motion; that the proposed examination would be inadequate if restricted to written interrogatories; that it was necessary to take the oral deposition of each of said appellees; that the statement that the only remaining

issue was whether the written instruments were negotiated to the present appellees under the Negotiable Instrument Law was false and without foundation in law or fact, in view of the pleadings, files, and records in the case, including but not restricted to the deposition of appellant; that appellees had chosen the forum and therefore should be required to come to New Mexico.

On October 15, 1959, the following order was entered:

"1. That the defendant may take the deposition of the plaintiff or plaintiffs on written interrogatories, or

"2. That the deposition may be taken upon oral examination at * * * the City of New York * * * at the expense of the defendant, or

"3. That the deposition may be taken in the City of Las Cruces, Dona Ana County, New Mexico, of one of the plaintiffs or their duly authorized agent, upon the defendant advancing expense money for travel by air and other necessary expenses."

At the same time, hearing was held on the motion for summary judgment. Thereupon, appellees submitted requested findings of fact and conclusions of law, and the trial court, having made said requested findings of fact and conclusions of law, entered summary judgment for appellees. Insofar as the summary judgment was concerned, appellant did not tender any requested findings of fact or conclusions of law, maintaining that such were improper on a motion for summary judgment. Appellant did submit requested findings of fact and conclusions of law in regard to the protective order, and due objection was made by him to the court's refusal to make those findings; to the granting of the protective order; to the granting of summary judgment; and to the filing of findings of fact and conclusions of law therein.

In view of our disposition of this case, it becomes unnecessary to set out the trial court's findings of fact and conclusions of law, except to state that the trial court found that appellees were holders in due course of the five drafts involved, and that appellant admitted that the only defense for which he had any proof was an alleged breach of warranty by Carbozite Protective Coatings, Inc.

Appellant raises six points upon which he relies for reversal:

"I. There are one or more genuine issues as to material facts and therefore the Motion for Summary Judgment should have been denied, and it was error for the Trial Judge to grant Summary Judgment.

"II. It was error for the Trial Judge to grant summary judgment on the record of pleadings and deposition filed in this proceeding.

"III. On a motion for summary judgment the Court does not decide

issues of fact, as was done by the Trial Court herein, but merely determines whether there is an issue of fact to be tried, and all doubts as to existence of such an issue must be resolved against the party moving for summary judgment; and that it was, therefore, error for the Trial Judge to entertain plaintiffs' requested findings of fact and to make and file the Court's findings of fact, both over timely objection of the defendant; and it was further error for the Trial Court not to resolve all doubts as to such issue against the plaintiffs.

"IV. By requesting findings of fact plaintiffs' counsel recognized that there were genuine issues of material facts to be decided by the Court, and the Trial Court by making its findings of fact recognized that genuine issues of material facts existed, and therefore the Motion for Summary Judgment should have been denied.

"V. The District Judge was without power to read the affidavit of the plaintiff Samuel S. Salitan against well pleaded allegations in defendant's Answer and counter-affidavit of the defendant for the purpose of ascertaining the truth on plaintiffs' Motion for Summary Judgment.

"VI. It was prejudicial error for the Trial Court to enter its protective order and that no power was vested in the Trial Court to impose conditions contained in said order."

We will consider point VI, which we believe is decisive of this case.

Our Rules of Civil Procedure Numbered 26 to 37 inclusive establish the pre-trial deposition-discovery mechanism to be followed in order to take the deposition of a party upon oral or written interrogatories. Rule 30(b) provides that *for good cause* shown the trial court may make an order that the deposition be taken at some designated place other than that stated in the notice, that it may be taken only on written interrogatories, or that the court may make any order which justice requires to protect the party or witness being examined from annoyance, embarrassment, or oppression. These rules, with the exception of the added provision in Rule 30(b) relating to the taking of depositions outside the state and at great distances from the place where the case is to be tried, are identical with the Federal Rules and have been frequently interpreted by the federal courts. The discretion granted to the trial court in Rule 30(b) to issue protective orders must be read in the light of the purpose of these rules, which is to permit discovery.

The leading and often quoted case as to this purpose is Hickman v. Taylor, 1947, 329 U.S. 495, 501, 67 S.Ct. 385, 391, 91 L.Ed. 451. This case holds that the purpose of the deposition-discovery procedures under

the Federal Rules are: To clarify the basic issues between parties; and to ascertain the facts or information as to the existence or whereabouts of facts relative to those issues. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial. See also Morrison Export Co. v. Goldstone, D.C.S.D. N.Y., 1952, 12 F.R.D. 258; American Oil Co. v. Pennsylvania Petroleum Prod. Co., D.C.D.R.I., 1959, 23 F.R.D. 680; and 4 Moore's Federal Practice, 2d Ed., § 26.02. No longer is the time-honored cry of "fishing expedition" available to block this discovery.

In Schwartz v. Broadcast Music, Inc., D. C.S.D.N.Y., 1954, 16 F.R.D. 31, 33, the court held that under the Federal Rules of Civil Procedure *liberal pre-trial discovery procedures are intended* and that the power of the court under Rule 30(b), to limit the scope of an examination, should not be exercised in the absence of a showing that the examination is being conducted in bad faith and in such a manner as unreasonably to annoy, embarrass, or oppress the opposite party. The court said:

"* * * While federal courts are thus authorized to prevent improper use of our liberal pre-trial examination procedures, this power has been and should be exercised sparingly lest it cripple the broad discovery intended by the Federal Rules. * * *"

See also Broadway & Ninety-Sixth St. Realty Co. v. Loew's, Inc., D.C.S.D.N.Y., 1958, 21 F.R.D. 347, 353.

Do the facts of this case warrant the limitations and restrictions placed upon the appellant by the terms of this protective order? We think not. We are aware of the fact that the trial court is vested with discretion in making its decision whether to limit discovery, subject however, to the policy limits previously indicated, and bearing in mind that the presumption is in favor of discovery. Hickman v. Taylor, supra; Berkley v. Clark Equipment Company, D.C.E.D.N.Y., 1960, 26 F.R.D. 153. We, of course, adhere to the rule that we will not disturb its decision except in the case of an abuse of discretion. Transmirra Products Corp. v. Monsanto Chemical Company, D.C. S.D.N.Y., 1960, 26 F.R.D. 572. The Rules of Civil Procedure, however, are in the interest of the administration of justice and transcend in importance mere inconvenience to a party litigant. Bell v. Swift & Company, (5 CCA 1960), 283 F.2d 407. Every man is entitled to his fair day in court.

The general rule is that a non-resident plaintiff should make himself available and must submit to oral examination in the forum in which he has brought his action, absent a showing of special circumstances or undue hardship. Slade v. Transatlantic Financing Corp., D.C.S.D.N.Y.1957, 21 F.R.D. 146. Upon such a showing, a de-

fendant may be required to examine plaintiff outside of the forum, and this may be by written interrogatories *if they are suitable and appropriate for the purpose of eliciting the information to which defendant is entitled.* Endte v. Hermes Export Corp., D.C.S.D.N.Y.1957, 20 F.R.D. 162, cited by appellees; Fisser v. International Bank, D.C.S.D.N.Y.1957, 20 F.R.D. 419; Montgomery v. Sheldon, D.C.S.D.N.Y.1954, 16 F.R.D. 34; Zweifler v. Sleco Laces, Inc., D.C.S.D.N.Y.1950, 11 F.R.D. 202.

No special circumstances or undue hardship are shown in the case before us as a basis for exercise of the trial court's discretion to issue its protective order, except the fact that the amount involved was relatively small in proportion to the expenses of travel to New Mexico. We do not consider that fact sufficient to justify such a drastic protective order. Particularly is this true where it is sought to require the opposite party to give his deposition in the forum. Slade v. Transatlantic Financing Corp., supra.

On the other hand, appellant-defendant was faced with a motion for summary judgment and unable to substantiate his sworn allegation that, to the best of his knowledge and belief, plaintiffs-appellees were not holders in due course, as well as other defenses, unless he could obtain the sought-for discovery, all facts being in the sole control of appellees. We would not quarrel, however, with the trial court for its exer-cise of its protective powers under the recited circumstances, although we feel that they fall far short of a showing of unreasonable hardship. Slade v. Transatlantic Financing Corp., supra. It is the method by which this discretion was exercised with which we quarrel. Granting that the trial court had a limited discretion, we find ourselves unable to acquiesce in the terms of the order itself; there it is that we find an abuse of discretion.

As hereinbefore set out, the trial court entered its order requiring: (1) That defendant may take plaintiffs' deposition on written interrogatories; or (2) that the deposition may be taken on oral examination in New York City at defendant's expense; or (3) that the deposition may be taken in Las Cruces, of one of the plaintiffs or his agent, upon defendant's advancing expense money for travel by air and other expenses. Nothing is set out in the protective order that defendant's expenses will be ultimately reflected in the taxable costs.

To limit appellant and require him to follow the methods ordered by the trial court is unreasonable and oppressive. This is particularly true as to the third method ordered by the trial court:

"That the deposition may be taken in * * * Las Cruces * * * of one of the plaintiffs or their duly authorized agent, upon the defendant advancing expense money for travel by air and other necessary expenses."

Appellant was entitled to examine *both* appellees Samuel S. Salitan and Irving Jacobs, as copartners doing business as Credit Industrial Company. It might well be that some other employee or agent would be better informed as to certain details of the transaction, or that the testimony of only one of the appellees would serve. No allegation, however, was made by appellees to this effect, nor was there provision made for voluntary agreement thereto by the parties. Under such circumstances, is it just and reasonable to limit appellant to the deposition of *any* agent and, in addition, to force him to pay all expenses, without any provision for reimbursement of the costs, should he finally prevail? We think not.

As to the second alternative, it may well prove under all facts that New York is the more suitable location for these discovery proceedings, particularly since all books and documents are located there and since both appellees are there. Given a fair choice of examining both appellees, either at the situs of the forum or at their headquarters in New York, appellant might choose to have his attorney travel to New York to take appellees' oral deposition, perhaps making the choice most economic of time and money. Had the trial court's protective order been coupled with provisions for the filing of an adequate cost bond and had terms been set whereby reasonable travel expenses were ultimately reflected in the taxable costs, the trial court would have done justice to both parties and would have fairly exercised its discretion. Hyam v. American Export Lines, (2 C.C.A.1954), 213 F.2d 221. It is our feeling that the appellees should make the original expenditures under the general rule; but we would not have reversed therefor absent the other factor.

We turn now to the alternative part of the protective order, that appellant's examination be taken on written interrogatories. The rule is stated in Worth v. Trans World Films, D.C.S.D.N.Y., 1951, 11 F.R.D. 197, 198, as follows:

"With respect to the alternative request that the deposition be taken only on written interrogatories, the advantages of oral examination over the rigidity of written interrogatories are readily acknowledged. Cross-examination of a witness who may be evasive, recalcitrant or non-responsive to questions is an essential in ferreting out facts, particularly of an adverse party or witness. The affidavit submitted on behalf of the defendant indicates that the proposed examination will be far from a perfunctory one and no reason has been submitted why full scope of inquiry should be proscribed in this case.

"Finally, there remains the request that the oral deposition be taken in Chicago and that the defendant be re-

quired to pay the expenses of plaintiff's attorneys and a reasonable counsel fee. It seems to the Court that the plaintiff if he decides not to come to New York City for examination should pay the expenses and counsel fee of the defendant."

The record discloses that, pursuant to our rules, appellees had a full and unrestricted examination of appellant. As stated by District Judge Weinfeld in V. O. Machinoimport v. Clark Equipment Co., D.C.S.D. N.Y., 11 F.R.D. 55, 58:

"* * * Simple justice and fairness requires that in a matter of this kind the same right be accorded to the defendant. Under ordinary circumstances the advantages of oral examination over the rigidity of written interrogatories are readily acknowledged. * *"

Under the circumstances of this case, appellant is entitled to a full scope oral examination of appellees at Las Cruces, New Mexico, and he should not be initially required to pay appellees' expenses for the opportunity to do so. If appellees decide not to come to Las Cruces for examination, they should pay the expenses of appellant's counsel and, if necessary of appellant, to go to New York City for such oral examination. In that event the terms of the order should make provision for the reasonable expenses thereof to be ultimately reflected in the taxable costs. Adequate cost bond should be furnished by both parties.

Our disposition of this case makes it unnecessary to discuss the other points raised by appellant.

The judgment of the district court is reversed, with instructions to set aside the summary judgment and the protective order of October 15, 1959; to reinstate this cause on the docket; and to proceed in a manner not inconsistent with the views herein expressed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and MOISE, JJ., dissenting.

CARMODY, Justice (dissenting).

Here is a case where suit is brought in New Mexico, the only forum available to plaintiffs, on a claim arising out of a commercial transaction and amounting to only $1,000.00. Defendant pleads a number of defenses which he admits he has no proof to sustain, but asserts a right to try to establish the same by oral examination in the nature of discovery at the place where suit has been filed.

That ordinarily a party is entitled to do this is not open to question. However, there are exceptions. The best and most cited statement is in Hyam v. American Export Lines (C.C.A. 2) 1954, 213 F.2d 221, 222, cited by the majority, where the following is said:

"* * * Thus not in every case is a party seeking pre-trial discovery entitled as of right to a deposition on oral examination at the situs of the forum. His preference therefor, if opposed under Rule 30(b), must be weighed both against his actual, as distinguished from his supposed, need for oral examination at the forum and against the resulting burden to his opponent. Where these considerations are in serious conflict, the judge after weighing the import of his ruling on the parties may order the deposition to be taken, if not at the forum, at an appropriate distant place under terms whereby the reasonable expense thereof may ultimately be reflected in the taxable costs, or may order that the depositions be taken, at least in the first instance, only on written interrogatories."

A comparable expression is to be found in Armstrong v. Biggs (Ky.Civ.App.1957), 302 S.W.2d 565, 568; and see, also, Boone v. Wynne (D.D.C.1947), 7 F.R.D. 22, in which the discretion of the court was exercised in an almost identical manner as in the instant case.

Although the majority opinion is grounded on abuse of discretion, it would actually seem to be based on the failure of the trial court to make provision for a bond to provide for reimbursement of reasonable expenses as a part of the costs. The requirement of furnishing of cost bond is a matter within the sound discretion of the trial court. See, City of Roswell v. Bateman, 1915, 20 N.M. 77, 146 P. 950, L.R.A.1917D, 365; and State ex rel. Lebeck v. Chavez, 1941, 45 N.M. 161, 113 P.2d 179. The majority opinion, in effect, substitutes this court's judgment for that of the trial court, and fails to follow our rule as to the test of abuse of discretion. We have held that the test is, not whether the appellate court agrees exactly with what was done, but "whether the action of the trial court exceeds the bounds of reason, all the circumstances being considered by the court." Independent Steel & Wire Co. v. New Mexico Central R. Co., 1919, 25 N.M. 160, 178 P. 842; and Wright v. Atchison, Topeka and Santa Fe Railway Co., 1958, 64 N.M. 29, 323 P.2d 286. We do not believe that the trial court abused its discretion.

It should be observed that, to support their position, the majority rely on federal district court opinions and, in effect, ignore the only federal appellate court decision on the issue (Hyam v. American Export Lines, supra). That case is contrary to the result reached in the majority opinion, as are also many other federal district court decisions. See, 2A Barron and Holtzoff, Federal Practice and Procedure, 208, § 713; and 70 A.L.R.2d 726. The court had before it the fact that this was the only forum available, the place of residence of the

plaintiffs, that plaintiffs were operating a large finance business, the amount and type of the claim, the lack of any specific basis as to the issues to be pursued in the deposition, and that the court and appellees' counsel considered that appellees had furnished a cost bond (we realize that the record fails to disclose the bond, or any formal order requiring it, but the transcript contains discussion between court and counsel concerning the bond). With all these facts before the court, we fail to see how it can· be said that the order entered exceeded "the bounds of reason."

In addition to the objection stated above, we feel that there is another serious error in the opinion. The majority apparently determines that the protective order is particularly unreasonable and oppressive as to the third method of discovery, and that the failure to provide for a cost bond as to the second made it invalid. However, the elimination of the first method (written interrogatories) by the majority and the direction that the case proceed only as to the second and third methods is a matter which requires our comment. In our search, we have been unable to find any case from an appellate jurisdiction which would be authority for the ruling of the majority. It is obvious that a party would prefer to take the deposition of the opposite party, but for a court to direct that written interrogatories cannot be taken is almost impossible to comprehend. It could hardly be contended that it would be an abuse of discretion for a court to direct that written interrogatories be first taken, prior to the allowing of taking costly depositions. The court retains jurisdiction, and if the answers to the interrogatories are not sufficient, or it appears that the information can only be obtained by deposition, then and at that time there would be justification in ordering such oral examination as might be required. See, Hyam v. American Export Lines, supra; O'Hara v. United States Lines Co., 1958, D.C.N.Y., 164 F.Supp. 549; 2A Barron and Holtzoff 215; and 70 A.L.R.2d 735.

Here, the court has summarily rejected a relatively inexpensive means of discovery and determined *sua sponte* that oral depositions are the only proper method. We firmly believe that the portion of the protective order as to the written interrogatories was absolutely proper, even though it might be argued, and as held by the majority, the remainder constituted an abuse of discretion. This we do not concede. As long as the order was not an abuse of discretion in its entirety, and the defendant refused to comply with any of its provisions, he has no valid standing to object to what thereafter followed, i. e., the entry of summary judgment.

For the above reasons, I dissent.

MOISE, J., concurs.