## GALE et al.·v. NATIONAL TRANSP. CO., Inc., et al.

District Court, S. D. New York.
Jan. 22, 1946.

Oliver J. Harper, of New York City, for plaintiffs.

James A. Doherty, of New York City, for defendants.

HULBERT, District Judge.

Defendants move, on affidavit and notice of motion, for an order for a physical examination of the plaintiff Catherine M. Gale, by Dr. B. Maurice Shure, a duly qualified physician, and for a further order directing the plaintiff Catherine M. Gale to submit to an oral examination by deposition on the following matters: "The plaintiff's physical condition immediately prior to and after the accident alleged in the complaint, including her care, treatment and activities to date; the manner in which the said injuries were sustained by her"; and further, that the plaintiff Catherine M. Gale, as part of the physical examination, submit to the taking of X-ray photographs of plaintiff's torso, including the gastro-intestinal tract as well as her chest, and further that such order provide for an

oral examination of the plaintiffs, as adverse witnesses and parties.

The action is to recover damages for injuries alleged to have been sustained by reason of the negligence of the defendant's chauffeur.

■ It would have been better practice if the defendant had served a notice of the taking of the deposition of plaintiffs in accordance with Rule 26 et seq., Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and, in connection therewith, to have moved for a physical examination and the taking of X-ray photographs in accordance with Rule 35.

■ The plaintiff objects that she is a resident of Massachusetts and should not be required to come to New York to be examined, but she does not submit any facts to establish that she cannot do so. She also demands that the examination be made by a female physician, although it appears that the physician who has been treating her in connection with the injuries alleged in the complaint to have been sustained is a male. She also objects to the doctor designated by the defendant and urges the Court to appoint a disinterested person. No facts are shown which would prompt the Court to modify the request of the defendant in those respects.

■ Plaintiffs also object that the Notary Public before whom the examination proposed to be taken is associated with defendants' attorney. That objection will be sustained.

■ Plaintiffs will be directed to appear on a day and at an hour designated in the order to be entered, at room 506 United States Court House, New York, N. Y., and may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action as provided in Rule 26, and provision may be inserted, at the election of the plaintiff Catherine M. Gale, in substantial compliance with Rule 35(b) (1) but subject to the conditions of subdivision (b) (2).

The taking of X-rays will not be directed at this time. The result of the examination may show they will not be needed, but if they are, arrangements can be made therefor on a further showing. Settle order on notice.