## SULLIVAN v. SOUTHERN PAC. CO.

District Court, S. D. New York.
March 24, 1947.

Gerald F. Finley, of New York City (Gerald F. Finley and Arnold B. Elkind, both of New York City, of counsel), for plaintiff.

Minor, Waterman & Casto, of New York City (Jeremiah C. Waterman and Dorr Casto, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff, formerly a resident of Coolidge, Arizona, and now a resident of Minneapolis, Minnesota, brought this action in this Court under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., seeking damages for injuries which he received while working for defendant at Benson, Arizona, on September 10, 1946. He charges that defendant violated the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. Specifically he states in paragraph IV of the complaint:

"Plaintiff alleges that on the 10th day of September, 1946, in connection with and in furtherance of its interstate business defendant operated a certain work train consisting of approximately 10 cars which were being moved and propelled by its locomotive #2848 at or near Benson within the State of Arizona; that one of the cars in such work train was a flat car upon which was mounted and fastened a certain ditcher, and plaintiff as a fireman upon said ditcher was riding in the cab thereof while in the performance of his duties for said defendant; that at about 4:00 p.m. of said day, when defendant's locomotive was moving

the cars in said work train over its tracks in an easterly direction and attempting to move said cars from the main line track to a siding at Benson, Arizona, by reason of the negligence, carelessness and unlawful conduct of said defendant and its violation of the Safety Appliance Acts of the United States plaintiff who was in the cab of said ditcher was caused to be knocked, thrown and pitched from the cab of said ditcher car and run over by some of the cars in said work train, and as a result thereof, he was caused to be injured as herein alleged."

As a result of the accident plaintiff lost both his legs.

Defendant served a notice to take the deposition of the plaintiff here in New York City on March 3, 1947. Plaintiff's attorney has moved for an order vacating or modifying as to place the aforesaid notice and directing that plaintiff's deposition be taken at Minneapolis, Minnesota, because of plaintiff's physical condition. He argues that since plaintiff has no artificial legs the only way he could travel to New York would be to have an attendant accompany him and carry him to and from a plane or train.

During the argument of the motion I suggested that defendant have a doctor examine the plaintiff to ascertain if plaintiff had artificial limbs and was able to travel to New York. Defendant's doctor made an examination of plaintiff. He found "that the right thigh had been amputated just below the middle point of the thigh and that the left leg had been amputated at the junction of the middle and lower thirds; that the skin on the stumps was well healed, in good condition and suitable for application of artificial limbs"; "that if artificial limbs were secured immediately for said Edward H. Sullivan it would take him approximately two months in order to walk comfortably; that in the meantime said Edward H. Sullivan's physical condition is such that there would be no hazard, and that a recovery from his injuries would not be in any way impaired, if he were to travel by train from Minneapolis to New York provided he secured accommodations in a railway sleeping compartment and had an attendant who could look after his personal needs and move him about in a wheel chair."

This motion is made under Rule 30(b), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which authorizes the court, upon good cause shown, to "make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories * * *."

The plaintiff in this case is without funds. He selected New York as the forum, when he might have sued nearer home; but that was a privilege accorded him by the Federal Employers' Liability Act. Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222. Ordinarily a non-resident plaintiff who makes that choice should make himself available for examination in the forum in which he has brought his action. But here we have special circumstances which would lead a court to modify the notice of examination and to direct that plaintiff be examined either orally in Minneapolis, Minnesota, or by written interrogatories. To impose any conditions that plaintiff pay the expenses of defendant's counsel in taking the deposition, would be an added hardship. Plaintiff could not meet that condition. His right of action should not be jeopardized by subjecting it to a motion to dismiss if he failed to meet the condition.

Plaintiff's motion is therefore granted. If defendant wishes to take plaintiff's deposition by oral examination, the place of the examination must be in Minneapolis and defendant will have to pay its own expenses. Defendant may, of course, examine plaintiff by way of written interrogatories. Settle order accordingly.