Gurudas TIMBLO, Plaintiff,

v.

RHODE ISLAND INSURANCE COMPANY, Defendant.

United States District Court,
S. D. New York.

Oct. 20, 1954.

Stapleton, Flynn & Lilly, New York City, for plaintiff.

Enrico S. Sanfilippo, New York City, for defendant.

DAWSON, District Judge.

Defendant has made a motion, pursuant to Rule 37(d) of the Rules of Civil Procedure, 28 U.S.C.A. dismissing the complaint herein for failure of the plaintiff to appear for the taking of an oral deposition pursuant to a notice dated May 13, 1954, providing for the taking of that deposition in New York, N. Y. Plaintiff has cross moved for an order, pursuant to Rule 30(b) of the Rules of Civil Procedure, for an order vacating defendant's notice to take the deposition of the plaintiff or, in the alternative, providing that such deposition be taken upon written interrogatories.

The plaintiff is a resident of Margao-Goa, Portuguese India.[1]

This is an action under four similar policies of marine insurance to recover for loss and damage sustained by four shipments insured under said policies. The consignee of the shipments was one Gurudas Timblo. The action was originally brought in the name of William G. Mueller who held an assignment from Timblo. Thereafter, a consent order was entered permitting the substitution of Timblo as the plaintiff herein in the place of William G. Mueller.

■ The only issue presented by these motions is whether the plaintiff should be required to appear for the taking of an oral deposition in New York. Generally, a non-resident should make himself available for examination in the forum in which he has brought the action. Zweifler v. Sleco Laces, Inc., D.C.S.D. N.Y.1950, 11 F.R.D. 202. In a case of hardship or the presence of special circumstances, the rule may be otherwise, and under such circumstances, the defendant might be required to take plaintiff's deposition at its own expense, at the place of plaintiff's residence, or by written interrogatories. Sullivan v. Southern Pac. Co., D.C.S.D.N.Y.1947, 7 F.R.D. 206.

In this case, a pre-trial order was entered, pursuant to Rule 16 of the Rules of Civil Procedure, following a pre-trial conference held on June 15, 1953.

■ In this pre-trial order, it was provided, in paragraph 7(c), as follows:

"Counsel for the respective parties will prepare interrogatories and cross interrogatories to be sent to the United States Consul or other designated official at Margao-Goa, Portuguese India and Bombay, India to be answered in writing under oath".

Apparently, no such interrogatories or cross interrogatories were prepared or transmitted. It is the position of the defendant that at that time Timblo was not the plaintiff, but that the plaintiff was the assignee from Timblo and that, therefore, there was no opportunity at that time to require the presence of Timblo in New York. However, in any event, the party having knowledge of the orig-

---

1. Under the stipulation approved on March 30, 1954, it is provided that the name of the plaintiff in the action is amended to read "Gurudas Timblo" wherever it may appear in any pleadings or other papers pertaining to the action. It is to be noted that the defendant has failed to comply with this stipulation and still retains the old caption of the case which existed before the stipulation for substitution of plaintiff was entered into and approved.

inal claim was, at all times, Timblo. To require the plaintiff to travel from Portuguese India to New York for the taking of his deposition in this action which involves less than $16,000, would impose such a hardship and expense upon the plaintiff as to place the burden upon the defendant of showing that the necessary testimony cannot be secured by written interrogatories. This is particularly so where the parties have agreed in the pre-trial order that the testimony in Portuguese India should be taken by written interrogatories, and where no attempt has been made to get the evidence by that means. To enter into a pre-trial order so providing and then to ignore it and demand the right to take oral depositions in New York would make a mockery of the pre-trial procedure.

The motion of the plaintiff to vacate the defendant's notice to examine the plaintiff before trial is granted, without prejudice to the renewal of such motion, upon good cause shown, after written interrogatories have been answered. The motion of the defendant for an order dismissing the complaint is denied. So ordered.