524

Clarence E. WARREN

v.

**WEBER & HEIDENTHALER, Inc.**
Civ. A. No. 54-306.

United States District Court
D. Massachusetts.
April 20, 1955.

George Broomfield, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action by a seaman in the usual three counts—Jones Act, 46 U.S. C.A. § 688, unseaworthiness, and maintenance and cure. Balado v. Lykes Bros. S. S. Co., Inc., 2 Cir., 179 F.2d 943; Doucette v. Vincent, 1 Cir., 194 F.2d 834. In the first two counts he charges damages in the amount of $15,000, and in the third, $5,000. The plaintiff is a resident of Vinalhaven, Maine. The defendant is a New Jersey corporation, over whom service was obtained in Massachusetts. The plaintiff's employment during which he was injured was on a voyage out of New Bedford, Massachusetts.

The defendant has interrogated the plaintiff and has received what I conceive to be responsive answers to the interrogatories with respect to the original injuries. However, when asked whether he had fully recovered, and whether any residue was permanent and to what extent, the plaintiff replied that he was "not as good as before," that he did not know about the future, and that "that is for a doctor to decide."

The defendant now wishes to take the plaintiff's oral deposition and to have him examined by a physician. The plaintiff moves that the court order these two events to take place in Maine. Alternatively, plaintiff moves that defendant

pay his expenses to Boston. Vinalhaven is 200 miles by land plus 10 miles by water from Boston. As to the latter, there is regular steamer service.

Courts are frequently faced with the problems involved in this case. In the light of the fact that written interrogatories have already been filed and answered, the line of cases which sometimes suggest such procedure as a preliminary solution are not applicable. Cf. Timblo v. Rhode Island Insurance Co., D.C.S.D.N.Y., 16 F.R.D. 563; but cf. Worth v. Trans World Films, Inc., D.C.S.D.N.Y., 11 F.R.D. 197.

I do not think it would be satisfactory, whatever might be said as to the place of taking of the plaintiff's deposition, for him to be examined by a physician in Maine. A Maine physician as a future witness would constitute a real handicap to the defendant. Conversely, the court will recognize that it is an imposition on a Massachusetts physician, to which most will not voluntarily submit even if adequately compensated, to go to Maine simply for an examination. This not being a hardship case, I will not require it. Gale v. National Transportation Co., D.C.S.D.N.Y., 7 F.R.D. 237; Pierce v. Brovig, D.C.S.D.N.Y., 16 F.R.D. 569.

Since the physical examination is to take place in Boston, there is no extra burden on the plaintiff to have his oral examination occur here, provided it is arranged for the same time. Pierce v. Brovig, supra. Neither do I believe that the defendant should be required to pay the plaintiff's expenses to Massachusetts. Cf. Worth v. Trans World Films, Inc., supra. It is no fault of the defendant that the plaintiff happens to live in Maine.* The plaintiff himself selected this forum. The rule is not changed by the fact that he may have selected it by necessity. Solomon v. Teitelbaum, D.C.E.D.N.Y., 9 F.R.D. 515.

Order accordingly.

\* It thereafter appearing that the plaintiff was destitute and unable to pay his expenses to Boston, the court ordered the defendant to advance such expenses, said sum to be deducted from any recovery that plaintiff might obtain in the cause.