**Walter ENDTE, Plaintiff,**

v.

**HERMES EXPORT CORP., Jack Kagan, Ludwig Wortman, also known as Louis Wortman, and Max Wortman, individually and as co-partners doing business under the firm name and style of Coronet Trading Company, and William Wortman, Defendants.**

United States District Court
S. D. New York.
Jan. 28, 1957.

Curtiss F. Sinclair, New York City, for plaintiff, Louis J. Felstiner, New York City, of counsel.

Schlossberg & Siegel, New York City, for defendants Hermes Export Corp., Ludwig Wortman, Max Wortman and Coronet Trading Co. Jules Schlossberg, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Defendants make companion motions (a) for an order directing plaintiff to submit to oral examination in New York pursuant to Rule 26, F.R.Civ.P. 28 U.S. C.A., and (b) for discovery and inspection pursuant to Rule 34, F.R.C.P.

Plaintiff is a citizen and resident of Austria and is not now, and, as far as appears, has never been in the United States. Defendants are citizens and residents of New York.

Plaintiff, engaged in the import and export business in Vienna, sues for breach of an agreement with defendants under which plaintiff was appointed as defendants' agent in Austria to obtain licenses in that country for the import and export of merchandise. Plaintiff alleges in substance not only that defendants breached the agreement, but that they intended to use and did use it as a device to defraud him and accomplished their purpose by a series of fraudulent manipulations in violation of the laws of Austria. He claims that all of this resulted in heavy damage to him and the ruination of his business and reputation. The answer admits the execution of the agreement, generally denies the other allegations of the complaint, and sets up a series of separate defenses including statute of limitations and accord and satisfaction.

Defendants now move for an order requiring plaintiff to submit to examination in New York and for a stay of all proceedings until he does so.

■ The rules do not provide for such a motion. Defendants should have served a notice to take plaintiff's deposition on oral examination pursuant to Rule 30(a), F.R.C.P. Plaintiff could then have moved to vacate the notice pursuant to Rule 30(b). However, in view of the full briefs and argument on the related questions presented by this and the companion motion, and to conserve time of the Court, I shall treat the motion for examination as if the correct procedure had been followed by a notice served on plaintiff and a motion by plaintiff to vacate.

If the relief which defendants seek were granted, plaintiff, who claims to be in straitened circumstances due to the defendants' alleged manipulations, would be compelled to travel 4,000 miles to this country at great expense. Plaintiff asserts that he has no resources to make such a trip and that to direct that he do so, and to stay proceedings, for all practical purposes would prevent his prosecution of the action and put an end to the law suit.

Defendants have already obtained answers to extensive written interrogatories addressed to plaintiff, some 121 in number. However, they characterize plaintiff's answers as non-responsive and evasive and assert that oral examination is necessary for their preparation for trial.

■ Generally speaking, a non-resident plaintiff should make himself available for pre-trial examination in the for-

um in which he has brought his action. Zweifler v. Sleco Laces, Inc., D.C.S.D.N.Y., 11 F.R.D. 202. This, however, is by no means an inflexible rule. Where special circumstances or undue hardship are shown to exist defendant may be required to examine plaintiff outside the forum, and this may be by written interrogatories if they are suitable and appropriate for purposes of eliciting the information to which defendant is entitled. Sullivan v. Southern Pacific Co., D.C.S.D.N.Y., 7 F.R.D. 206; Timblo v. Rhode Island Insurance Co., D.C.S.D.N.Y., 16 F.R.D. 563. In Timblo a notice to examine plaintiff, a resident of Portuguese India, in New York, was vacated because defendant had previously sought pretrial examination through written interrogatories. The Court stated that "to require the plaintiff to travel from Portuguese India to New York for the taking of his deposition in this action * * * would impose such a hardship and expense upon the plaintiff as to place the burden upon the defendant of showing that the necessary testimony cannot be secured by written interrogatories." Id., at page 565.

▆ . In the case at bar there are special circumstances indicating that plaintiff should not be compelled to come to New York unless it be shown that written interrogatories are inadequate for defendants' legitimate purposes. Plaintiff apparently had no choice of forum. There is no showing that he could have obtained jurisdiction over defendants elsewhere or pursued his remedy against them anywhere other than in this district where they resided and did business. Unless he brought suit against them here he may well have been without remedy for the egregious wrongs which he claims were committed against him. His financial inability to comply with an order directing him to appear here may well have been caused, as he claims, by the financial reverses brought about by the acts he charges against the defendants. His failure to appear would place the defendants in a position effectively to block his prosecution of the action.

Defendants' general claim that plaintiff's answers to their interrogatories were evasive and non-responsive, is not supported by an examination of the interrogatories and answers. Apart from this general claim defendants make specific objections to only 8 answers out of 121. Review of the interrogatories indicates that in some instances failure of defendants to obtain the additional, and possibly relevant, information which they seek arose more from the inadequacy of the questions which they propounded than from the non-responsiveness of the answers. In other instances it appears that the failure to obtain the information was because it was not in plaintiff's possession or unknown to him. There has been no showing here that oral examination of plaintiff has been made necessary because defendants cannot obtain essential and relevant information by written interrogatories.

The additional information which defendants desire appears to be limited to financial and other data relating to transactions conducted by plaintiff allegedly for defendants' account. Written interrogatories would seem to be the suitable and appropriate method of eliciting such information.

Under these circumstances I will not require plaintiff to make the long and expensive trip from Vienna to New York for the sole purpose of oral examination here by the defendants. However, in order to protect defendants' rights they will be permitted, within 20 days after the entry of the order on these motions, to serve such limited number of supplemental interrogatories to be answered by plaintiff as may be reasonably necessary to obtain the additional information which they desire. Plaintiff may take such objections thereto as he may be advised, in the usual manner, and may propound appropriate cross-interrogatories on the subject matter covered by defendants' supplemental interrogatories.

In the alternative defendants may examine plaintiff in Austria at their own cost and expense, including the expenses of plaintiff's attorney in attending upon such examination.

 I now turn to defendants' motion for discovery and inspection. Rule 34, F.R.C.P., requires that a party shall be required to produce documents for inspection and copying by his adversary if "good cause" is shown. "Good cause is not shown when the mover has the information sought or can obtain the documents or information therein through other methods than the rules of discovery." 4 Moore, Federal Practice p. 2451 (2d ed. 1950). "Some 'special circumstances' must exist which suggest that justice will be served by going beyond interrogatories and depositions, and requiring the production of documents or other matter." United States v. Great Northern Railway Co., D.C.N.D.Cal.S.D., 18 F.R.D. 357, 358.

The request for discovery and inspection in New York of a great volume of documents, books and papers located in Austria is extremely broad. Defendants are plainly not entitled to a number of the items which they seek. For example, there is no justification for an inspection of all correspondence between plaintiff and defendants which, for all that appears, should be available to defendants in their own files. As to other items, there has been no showing that the documents are unavailable to defendants by other means than through discovery and inspection, and this relates particularly to official documents which could be obtained from the Austrian Government. However, in view of my determination on defendants' application for oral examination of plaintiff, I am inclined, in the exercise of my discretionary powers under Rule 30(b), F.R.C.P., to permit a somewhat rather broader discovery than I otherwise would.

Plaintiff has already consented to produce for defendants' inspection such cancelled checks as he has in his possession in payment of sales taxes in Austria, and copies of his income tax returns for 1949 and 1950. In addition, plaintiff will produce in New York for inspection and copying by defendants such documents and papers in his possession as are requested in Items A, B, C, D, E, H, I and J of the notice of motion. If any of such documents are not in his possession he will so state under oath. The motion for discovery and inspection is granted to the extent indicated. It is denied in all other respects.

The trial of the action shall be stayed pending compliance with the order for discovery and inspection, and pending the service on defendants of answers to supplemental interrogatories if served by defendants on plaintiff within the time limit previously indicated.

Settle order on notice.