Gordon NOVEL, Plaintiff,

v.

Jim GARRISON et al., Defendant.

Civ. A. No. 67-747.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 7, 1967.

Steven R. Plotkin, New Orleans, La., for plaintiff.

Malcolm W. Monroe, New Orleans, La., Trial Atty., acting for Eberhard P. Deutsch, New Orleans, La., for defendants; Claude W. Duke, Thomas A. Rayer, Charles F. Seemann, Jr., New Orleans, La., of counsel.

COMISKEY, District Judge:

MEMORANDUM OF REASONS

Plaintiff filed this suit for damages against four New Orleans, Louisiana citizens, including the present District Attorney of Orleans Parish, alleging among other things that the defendants "falsely, maliciously and scandalously conspired with the District Attorney to make statements" which were libelous and of a defamatory character against the plaintiff. The plaintiff is under indictment in Louisiana, but so far has resisted being returned to Louisiana by pending extradition proceedings in the State of Ohio where the plaintiff claims residency. Simultaneously with the filing of the complaint, plaintiff served interrogatories on the defendants exercising his right of discovery under the Federal Rules of Civil Procedure. Now the defendants desire pre-trial discovery of the plaintiff and have given notice to take plaintiff's deposition in New Orleans, Louisiana. Plaintiff now files a motion to avoid having his deposition taken in Orleans Parish and wants protective orders ranging from the taking of his deposition in Ohio or Alabama to an order which would only use discovery against the plaintiff in the form of written interrogatories.

The jurisprudence recognizes that the best discovery is, normally, deposition upon oral examination. In considering the charges and counter-charges in this suit, no doubt a deposition on oral examination would be far superior to the use of interrogatories by long distance to Ohio.

■ Rule 30(b), Federal Rules of Civil Procedure, provides for protective orders to parties whose deposition upon oral examination is sought. The first sentence of 30(b) puts the burden on the mover to show "good cause" for any protective order sought; accordingly, the rule starts off with the assumption that unlimited discovery against a party is available. However, the moving party may overcome this presumption by showing good cause. The jurisprudence has some cases on what constitutes good cause for not requiring the plaintiff to come within the jurisdiction of the forum where he has filed suit. These cases are pitched exclusively on the financial hardship to the plaintiff and in some instances on the risk of probable physical harm which might be caused the plaintiff due to an illness. Haviland & Co. v. Montgomery Ward, 31 F.R.D. 578 (SDNY 1962) (infirmity of age, 80 yrs. old); Sullivan v. Southern Pacific, 7 F.R.D. 206 (SDNY, 1947) (amputee without funds); Endte v. Hermes Export Corp., 20 F.R.D. 162 (SDNY, 1957) (Court would not require plaintiff to come from Vienna, Austria to N. Y., financial burden); Timblo v. Rhode Island Ins. Co., 16 F.R.D 563 (SDNY, 1954) (Court would not require plaintiff to come from Bombay, India to N. Y., financial burden).

Both sides are entitled to proceed with pre-trial discovery in this matter. The defendant has the right to depose the plaintiff under oral examination and correspondingly, the plaintiff has a right to proceed with the discovery method he has chosen, namely, the propounding of interrogatories to the defendants. The right of discovery under the Federal Rules is a broad and powerful right.

■ The plaintiff has chosen to file a multi-million dollar libel suit at this time against the defendants here in New Orleans. The plaintiff wants to proceed, posthaste, with discovery against the defendants. Reciprocally, the defendants have a right to proceed, posthaste, for discovery against the plaintiff at the forum of this suit in New Orleans. The cases which have varied the rule that a non-resident plaintiff should make himself available for pre-trial examination in the forum where the action is brought concern themselves with the financial inability of the plaintiff to travel to the site of the deposition or with the physical infirmity of the plaintiff to travel a long distance to the site of the deposition. None of these "special circumstances" are present in this case and no undue hardship in this regard is even seriously suggested by the plaintiff. What difficulties the plaintiff may be having with the District Attorney for Orleans Parish should not be used as a barrier to orderly discovery under the Federal Rules.

Were this Court to adopt the theory proposed by the plaintiff, it would in effect be extending the protective order referred to in 30(b) to include such "special circumstances" as those arising, for example in a case wherein a plaintiff refused to subject himself to the jurisdiction of this state for fear of having to stand trial for a serious felony on down to facing his impoverished wife in the Juvenile Court for criminal non-support.

Accordingly, motion of plaintiff to quash notice to take the deposition of the plaintiff is hereby denied.