**Bob BAIRD, Plaintiff,**

v.

**QUALITY FOODS, INC., Defendant.**

**Civ. A. No. 66–620.**

United States District Court

E. D. Louisiana,

New Orleans Division.

May 21, 1969.

Stanley J. Jacobs, New Orleans, La., for plaintiff.

Christopher Tompkins, New Orleans, La., for defendant.

RUBIN, District Judge:

The defendant seeks to compel the plaintiff, an Oklahoma resident, to appear in New Orleans for a physical examination by a doctor of the defendant's choice. The plaintiff asserts that he should not be required to undergo the expense of a trip.

Rule 35 gives the court wide discretion concerning the terms and conditions that may be imposed in requiring a party to submit to a physical examination. *See* Moore's Federal Practice ¶ 35.04. Although there is some division of authority, most judges have, in the usual case,

ordered the plaintiff to appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff. This allows the examining physician to be available conveniently for testimony. Among the cases that have resolved the question in this manner are Warren v. Weber & Heidenthaler, Inc., D.Mass.1955, 134 F.Supp. 524; Pierce v. Brovig, S.D.N.Y.1954, 16 F.R.D. 569; and Gale v. National Transp. Co., S.D.N.Y.1946, 7 F.R.D. 237.[1]

There has been no showing of any reason why the plaintiff should not be required to come to New Orleans. It is not alleged that the trip would be injurious to his health, or that there is any other compelling reason for his reluctance. He will therefore be ordered to present himself for examination here at a reasonable time and place. The defendant will, however, be required to make every reasonable effort to schedule all examinations and tests on a single day so that the plaintiff will not be unduly inconvenienced. The defendant will also be required to consult with counsel for the plaintiff to attempt to arrange a date that will be convenient both for the plaintiff and for the examining doctor.

The plaintiff says that, if he comes, the defendant should pay his expenses. The only federal decision that appears to have considered this issue is Warren v. Weber & Heidenthaler, Inc., *supra*. There the court initially refused to order the defendant to advance expenses. Later, on a showing that the plaintiff was destitute and unable to pay travel expenses, the defendant was ordered to pay them. There has been no showing in this case that the plaintiff is indigent, nor has any other reason been shown why he should not pay his travel expense to come to New Orleans for an examination, just as he will eventually be obliged to do when he comes here for the trial.

1. An annotation citing these, as well as some state court decisions to the same effect, can be found in 71 A.L.R.2d 973, 980.