**ALLIANCE TO END REPRESSION
et al., Plaintiffs,**

v.

**James M. ROCHFORD, Superintendent of
Police, et al., Defendants.**

No. 74 C 3268.

United States District Court,
N. D. Illinois, E. D.

March 5, 1976.

See also D.C., 431 F.Supp. 25.

Richard M. Gutman, Lance Haddix, Val. R. Klink, Chicago, Ill., for plaintiffs.

William Quinlan, Corp. Counsel, George M. Keane, Jr., James Daley, Asst. Corp. Counsels, for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter comes before the Court on motion of defendant Richard J. Daley for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. By this motion defendant seeks a Court order that his oral deposition not go forward at this time. Alternatively, defendant requests that discovery by plaintiffs be obtained by means other than oral deposition as to him.

As grounds defendant argues that his schedule and position is such that a require-

ment to sit for an oral deposition would be annoying, oppressive and unduly burdensome.

■ Defendant states that it is not uncommon for the Courts to deny requests for discovery from a public official. The cases defendant cites in support of that proposition, however, apply only to members of the President's Cabinet, and this immunity from oral deposition is limited to cases where plaintiff has failed to show the necessity of such testimony in order to prevent injustice to him. The purpose behind the rule for Cabinet members is that a member of the Cabinet should not be called upon to explain why he acted as he did in regard to a particular matter in the exercise of his official discretion. See, *U. S. Board of Parole v. Merhige,* 487 F.2d 25 (4th Cir. 1973), cert. denied, 417 U.S. 918, 94 S.Ct. 2625, 41 L.Ed.2d 224; *U. S. v. North Side Realty Associates,* 324 F.Supp. 287 (D.C.Ga.,1971).

■ These cases do not apply here for two reasons. First, with no intent whatever to assign a particular status to the office of Mayor of Chicago, it is clear that said position is not a Cabinet level post in the federal government. Second, defendant Daley is not joined in this action because of his exercise of official discretion. Rather, plaintiffs allege defendant was an active participant in illegal activity. Of necessity then, oral deposition is the best means of determining the extent of defendant Daley's participation, if any; and inability to depose him orally would work an injustice upon plaintiffs.

Defendant speculates that the deposition sought by plaintiffs could be a form of harassment, requested in bad faith, or made the basis for seeking discovery relating to another case in contravention of an order entered in that case.

This Court will not speculate as to plaintiffs' motivation in seeking this deposition. Further, any questions at the deposition not directed to the subject matter of the instant case may be properly objected to at that time.

This Court holds that an oral deposition is properly sought by plaintiffs and is necessary to the preparation of their case against defendant Daley.

■ Defendant next requests that a different method of discovery be substituted for oral deposition. The only reasonable alternative to oral deposition would be discovery by written interrogatories. Without doubt, oral deposition is preferable to written interrogatories when dealing with a recalcitrant or hostile witness. See *Investment Properties International, Ltd. v. IOS Ltd.,* 459 F.2d 705 (2d Cir. 1972); *Novel v. Garrison,* 42 F.R.D. 234 (E.D.La.1967); *Interlego A.G. v. Leslie-Henry Co.,* 32 F.R.D. 9 (M.D.Pa.1963).

The Court is persuaded that all defendants in this case are hostile to plaintiffs' suit. Examination of discovery objections raised by defendants since the outset of this litigation indicates defendants' intention to resist any significant disclosure at every step. All interrogatories directed to defendant Daley were objected to on grounds which could have been mooted by defendant Daley's own reasonable cooperation. Defendants have indicated no willingness to cooperate in discovery matters in order to move this litigation forward; and surely counsel for defendant Daley cannot seriously suggest that the Court order a method of discovery which would produce an endless stream of objections for resolution. The Court will not put plaintiffs to that burden.

Defendant Daley is ordered to appear for deposition by plaintiffs at a time and day mutually convenient to the parties within thirty days from entry of this order.

Finally, it should be noted as a part of this order that the undersigned Judge has no desire or intention to abuse or flaunt whatever power is vested in U.S. District judges. This issue, purely and simply, is whether one particular party to a lawsuit—in this instance the Mayor of Chicago—should be excused from the routine, legal and customary pre-trial procedure of submitting to an oral deposition.

This Court concludes that no basis has been shown for granting defendant Daley preferred treatment in this regard and that it would be unfair to plaintiffs for the Court to do so.

See also D.C., 431 F.Supp. 25.