**William RAINEY, et al.**

v.

**WAL–MART STORES, INC.**

**Civ. A. No. 90–2599.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 7, 1991.

Paul J. Tellarico, Neblett, Beard & Arsenault, Alexandria, La., for plaintiff.

Gregory S. Erwin, Bolen, Edwin, et al., Alexandria, La., for defendants Wal–Mart Stores, Inc. and Nat. Union Fire Ins. Co. of Pittsburgh, Pa.

## RULING

LITTLE, District Judge.

Counsel for defendant has asked for an expedited decision on a motion to compel the plaintiff to submit to a physical examination in New Orleans. Plaintiff, a LaSalle Parish resident, filed a suit for damages sustained after slipping in a Wal–Mart store. Wal–Mart removed the case to the federal court in the Western District of Louisiana, Alexandria Division. Defendant would like plaintiff examined by an orthopaedic surgeon in New Orleans. The court takes judicial notice of the fact that Jena, Louisiana is approximately 270 miles from New Orleans. Simple math dictates that the round trip distance is 540 miles. The travail of travel aggravates the plaintiff, not the experience of examination.

Neither lawyer has provided the court with any citation of authority to assist the court in making its determination. There is ample authority, readily available, to support plaintiff's reluctance to journey to New Orleans. Rule 35 accords the court

wide discretion in approving a request to compel an opposing party to submit to a physical examination. The late Judge Alvin Rubin's opinion in *Baird v. Quality*, 47 F.R.D. 212 (E.D.La.1969), is illuminating and remains a guiding light to this day.

Most judges have, in the usual case, ordered plaintiff to appear for examination at the place where the trial would be held. That is, at the venue selected initially by the plaintiff. This allows the examining physician to be available conveniently for testimony.

*Id.* at 213 (citations omitted).

Defendant makes no argument that there are no physicians in the Western District of Louisiana similar in stature, training or quality to those in the Eastern District of Louisiana, thus justifying the lengthy trek to New Orleans. We are presented with no unusual facts to support the defendant's request for an Eastern District physical examination of a plaintiff in a Western District lawsuit.

The motion to compel is DENIED.