Kevin and Janelle McCLOSKEY, husband and wife, Christopher and Cheryl L. Carbajo, husband and wife, Eric Davis, Victoria Magnuson, Stan Lear, Clinton Mattingly, Plaintiffs,

v.

UNITED PARCEL SERVICE GENERAL SERVICES CO., a Delaware corporation; Inforite Corp., a New York corporation; Toppan Moore Co., a Japanese corporation; and II Morrow, Inc., an Oregon corporation, Defendants.

Civil No. 95–420–FR.

United States District Court,
D. Oregon.

April 3, 1997.

Arthur C. Johnson, Johnson, Clifton, Larson & Corson, Eugene, OR, William Rutzick, Corrie J. Yackulic, Schroeter, Goldmark & Bender, Seattle, WA, and David N. Mark, Seattle, WA, for Plaintiffs.

Christopher W. Angius, Perkins Coie, Portland, OR, G.H. Gromel, Jr., Cassandra C. Collins, Hunton & Williams, Richmond, VA, Anne E. Kershaw, Hunton & Williams, New York City, for Defendants United Parcel Service General Services Co. and II Morrow, Inc.

Richard A. Lee, Bodyfelt, Mount, Stroup & Chamberlain, Portland, OR, for Defendant Inforite Corp.

James D. Hibbard, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for Defendant Toppan Moore Co.

FRYE, District Judge:

In these related actions, the plaintiffs, all package car drivers for United Parcel Service, allege that they have suffered repetitive stress injuries from using a handheld computer known as a delivery information acquisition device as part of their jobs. Before the court is the joint motion of the defendants for Rule 35(a) physical examinations of the plaintiffs (# 117).

## CONTENTIONS OF THE PARTIES

There is no dispute that the defendants are entitled to arrange for Rule 35(a) physical examinations of the plaintiffs. The plaintiffs, who live in many different states, are willing to travel to Portland, Oregon to be examined by a physician or physicians. The plaintiffs, however, contend that they should not be required to pay their own travel expenses because these physical examinations, if they had been properly planned by the defendants, could have been conducted when the plaintiffs traveled to Portland, Oregon at their own expenses at varying times from July through September of 1996 for the taking of their depositions.

The defendants contend that from July through September of 1996, some of the plaintiffs had not yet provided the names of their treating physicians in answers to interrogatories; that the defendants obtained additional medical information through the Teamsters' Medical Plan, which provides health insurance for nonwork related treatment; and, thus, the taking of the physical examinations of the plaintiffs at the time of the taking of the depositions of the plaintiffs would have been impossible because of missing medical histories. The defendants also contend that some of the plaintiffs have had changes in their medical conditions since their depositions were taken, and therefore second medical examinations would have been required of the plaintiffs if the first examinations had taken place at or near the same times as their depositions were taken. The defendants contend that the physical examinations of the plaintiffs should be conducted as close to the time of trial as possible in order for the defendants to properly defend these actions. The defendants further

contend that, at most, the court has the authority to order the defendants to advance travel costs to the plaintiffs, but that there is no authority for the court to require the defendants to ultimately be responsible for these travel costs.

## LEGAL STANDARDS

Fed.R.Civ.P. 35(a) states:

When the mental or physical condition (including the blood group) of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

## ANALYSIS AND RULING

The defendants did not raise the issue of physical examinations when they scheduled the depositions of the plaintiffs. The court assumes that counsel for the plaintiffs did not ask at that time if the taking of physical examinations was necessary. The court is also aware that the defendants moved to transfer these actions to the forums in which the plaintiffs reside, and that the plaintiffs opposed the motions.

■ The general rule is that the party being examined must pay his or her own travel expenses to an examination in the forum state. *Eckmyre v. Lambert*, 1988 Lexis 10849 (D.Kan.1988). The rule is a sensible one—usually the plaintiff is being examined in the forum chosen by the plaintiff. In such a case, the plaintiff is expected to pay the costs of the litigation carried on in that forum. Furthermore, a doctor's presence at trial is made more likely if the doctor is chosen within the jurisdiction of the court. The plaintiffs before this court have cited no case in which the party requesting physical examinations was required to pay travel expenses for those being examined.

■ An exception to the general rule is made if the party being examined will suffer undue financial hardship by fronting the travel expenses or if the travel expenses could have been avoided by better planning. Under this exception, the court requires the party requesting the examination to advance the travel expenses, to be paid back once the litigation is finished. *Chaparro v. IBP, Inc.*, 1994 WL 714369 (D.Kan.1994); *Warren v. Weber & Heidenthaler, Inc.*, 134 F.Supp. 524, 525 (D.Mass.1955); *Eckmyre*, 1988 Lexis 10849.

■ Here, the plaintiffs chose this district as the forum in which to litigate. They opposed the efforts of the defendants to transfer the actions to the home districts of the plaintiffs. The plaintiffs have made no showing of undue financial hardship. The fact that they estimate their total travel costs at over $15,000 does not mean that it will be an undue financial hardship for them to pay these costs. The best argument of the plaintiffs is that they paid their own travel expenses last summer to be deposed in the City of Portland, and that the physical examinations should have been scheduled at the same time as the depositions. Although the courts in several of the cited cases ordered the parties to schedule depositions and examinations during the same trip, the issue always arose before either trip had taken place. In *Eckmyre*, a case discussing the "poor planning" exception, the trip for the deposition and the trip for the examination took place one month apart. Here, more than seven months have passed in some of the cases. It is unfortunate that the two trips could not have been combined for the plaintiffs before this court, but the defendants have put forth several reasons why that was not possible. There is no evidence that the defendants are trying to exaggerate the costs which must be borne by the plaintiffs. Accordingly, the court concludes that the plaintiffs must pay their own costs of travel to the examinations, and the defendants do not have to advance any travel costs.

■ The court finds good cause to order physical examinations of the plaintiffs. Rule 35(a) requires, however, that an order for a physical examination must specify the time,

the place, the manner, the conditions, the scope of the examination, and the person or persons who will conduct the examination. The order for a physical examination should also provide the anticipated length of time of the physical examination in order to allow the plaintiffs to make travel plans. The defendants should strive to complete the physical examination of each plaintiff in one day or less. The defendants shall file this examination information with the court; a plaintiff will have ten days to object to the conditions of any examination. If there is no objection, the examination shall be conducted without further court intervention.

To allow time for the examinations to take place, the court will impose the following schedule: (1) the discovery deadline is extended to May 23, 1997; (2) all motions for summary judgment shall be filed on or before June 23, 1997; (3) expert witnesses shall be disclosed as set forth in Fed.R.Civ.P. 26(a)(2)(B) no later than thirty days after the court rules on all motions for summary judgment, or by July 23, 1997 if no motions for summary judgment are filed; and (4) the pretrial order shall be lodged within thirty days after the court rules on all motions for summary judgment, or by July 23, 1997 if no motions for summary judgment are filed.

### CONCLUSION

The joint motion of the defendants for Rule 35(a) physical examinations of the plaintiffs (# 117) is GRANTED subject to the conditions stated above. The pretrial dates will be extended as stated above.

IT IS SO ORDERED.