**Sue LEVICK, Plaintiff,**

v.

**STEINER TRANSOCEAN LIMITED, Defendant.**

No. 04–21910.

United States District Court, S.D. Florida, Miami Division.

April 29, 2005.

Mark Alexander Goldstein, Wolfe & Goldstein, Miami, FL, for Plaintiff.

Rachel Sherry Cohen, Darren Wayne Friedman, Kaye Rose & Maltzman, LLP, Miami, FL, for Defendant.

*ORDER (1) GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SUBMIT TO PHYSICAL EXAMINATION IN MIAMI, FLORIDA AND (2) DENYING PLAINTIFF'S VERIFIED MOTION FOR PROTECTIVE ORDER*

KLEIN, United States Magistrate Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Compel Plaintiff to Submit to Physical Examination in Miami, Florida (**D.E. No. 29**) filed on April 7, 2005, and Plaintiff's Response thereto (**D.E. No. 32**) filed on April 19, 2005; and Plaintiff's Verified Motion for Protective Order (**D.E. No. 30**) filed on April 13, 2005, and Defendant's Response thereto (**D.E. No. 31**) filed on April 19, 2005.

These motions concern a physical examination and a deposition of Plaintiff which Defendant wants to conduct in Miami, Florida. Plaintiff does not object to either the examination or deposition, rather, it is the location to which she objects. She wishes both to be

conducted in California, the state in which she resides. According to Plaintiff, she "is of limited financial means and is caring for her daughter who is gravely ill with cancer." *See* Plaintiff's Verified Motion for Protective Order at 2. Plaintiff asserts it would be unnecessary and an undue burden for her to travel to Miami for the examination and deposition. She states that Defendant will not be inconvenienced if she appears for examination in California because it maintains offices in California and its California attorneys are familiar with this case since they originally defended against Plaintiff's claim when it was pending in California district court.[1]

■ The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum. *See e.g., Stubbs v. McDonald's Corp.,* 2005 WL 375662, *1 (D.Kan. Jan.26, 2005) (depositions); *Dubai Islamic Bank v. Citibank, N.A.,* 2002 WL 1159699, *12 (S.D.N.Y. May 31, 2002) (depositions); *Karter v. Holland America Line–Westours, Inc.,* 1996 WL 901712, *1 (W.D.Wash. May 24, 1996) (depositions and independent medical examination); *Baird v. Quality Foods, Inc.,* 47 F.R.D. 212 (E.D.La.1969) (physical examination). In the case of a physical examination, this rule ensures that the examining doctor is available as a witness at trial. *Karter,* 1996 WL 901712, *1; *Baird,* 47 F.R.D. at 212. The general rule gives way if the plaintiff can show undue burden and hardship. *See Dubai,* 2002 WL 1159699, *12 (citing cases which note this exception to the general rule), *15.

■ The Court finds that Plaintiff has failed to show good cause why her examination and deposition should not be conducted in Miami. Plaintiff states generally that she is of limited financial means and is caring for her gravely ill daughter, but she does not provide any details of her financial situation or her daughter's health situation, nor specifically how traveling to Miami would work an undue hardship on her. Plaintiff's assertions, though verified, are in essence unsubstantiated and thus it is impossible for this Court to conclude it would constitute an undue burden on Plaintiff to travel here. *Cobell v. Norton,* 213 F.R.D. 43, 47 (D.D.C. 2003). On the information thus provided, the Court finds that Plaintiff has not shown substantial hardship nor compelling grounds for setting aside the general rule regarding location of examinations. Therefore, the Court will require Plaintiff to appear for a physical examination and deposition in Miami.[2]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1) Defendant's Motion to Compel Plaintiff to Submit to Physical Examination in Miami, Florida **(D.E. No. 29)** is **GRANTED**.

2) Plaintiff's Verified Motion for Protective Order **(D.E. No. 30)** is **DENIED**.

---

1. Apparently, the California court dismissed the suit because the cruise line passenger ticket involved in this case contained a forum selection clause which established the Southern District of Florida as the exclusive venue for any litigation against Carnival Cruise Lines (a defendant in the California action but not in the instant one). *See*

Plaintiff's Verified Motion for Protective Order at 1.

2. In light of the ruling herein, the temporary stay of the examination and deposition imposed on April 19, 2005, (D.E. No. 33) is lifted.