**Elvira LIBERATORE, Plaintiff,**

v.

**MSC CRUISES (USA), INC., Defendant.**

No. 09–61693–Civ.

United States District Court, S.D. Florida.

June 21, 2010.

John Alexander Willis, Kogan & Disalvo, P.A., Boca Raton, FL, for Plaintiff.

Jeffrey Eric Foreman, Jeffrey Bradford Maltzman, Gregory R. Elder, Maltzman Foreman PA, Miami, FL, for Defendant.

## ORDER

LURANA S. SNOW, United States Magistrate Judge.

THIS CAUSE is before the Court on the Defendant's Motion to Compel Plaintiff to Appear for Rule 35 Examination (Docket Entry 21), which was referred to United States Magistrate Judge Lurana S. Snow. The plaintiff, who resides in Delray Beach, which is in Palm Beach County, Florida, filed the instant complaint in federal court in Broward County, as required by her cruise ticket's forum selection clause. The defendant set an independent medical examination at the office of Dr. Jerry Sher, in Aventura, Florida, which is in northern Miami–Dade County. All three counties are in the Southern District of Florida. The plaintiff objected to traveling to Aventura, Florida, for the examination.

The defendant filed the instant motion to compel her to appear before Dr. Sher, since his office is within the forum where the plaintiff filed her complaint. *Levick v. Steiner Transocean Limited,* 228 F.R.D. 671 (S.D.Fla.2005)(California plaintiff who filed a complaint in the Southern District of Florida is required to travel to Miami, Florida, for an independent physical examination).

The plaintiff's response to the motion to compel asserts that the Aventura location was chosen solely because it is near the office of defendant's counsel. While the plaintiff concedes that the examination must be held in this district, she contends that it must be held near the federal courthouse in Fort Lauderdale, or near her residence or somewhere in between. Fla. R. Civ.P. 1.360 (the medical examination must be held in a "reasonable … place"); *Tsutras v. Duhe,* 685 So.2d 979, 981 (Fla. 5th DCA 1997) (Florida Statute § 627.736(7)(a) requires that a person seeking PIP insurance benefits must be attend an independent medical examination in her resident city or, if the appropriate physician is not available there, in an area closest to the claimant's residence).

The defendant's reply asserts that Florida statutes are inapplicable to a claim filed in federal court. Moreover, the plaintiff is attempting to improperly interfere with the defendant's right to choose the independent medical examiner. *Plaintiff B v. Francis,* 2009 U.S.Dist. Lexis 434 92 (N.D.Fla.2009)(absent valid objections from the plaintiff, the defendant is entitled to a physician of his choice, *citing,* 8C Wright & Miller, Federal Practice and Procedure, § 2234).

The burden is on the plaintiff to show that an independent medical examination by the defendant's choice of physician constitutes an undue burden or hardship. *Levick,* 228 F.R.D. at 671. The plaintiff has provided no legal authority for her assertion that state law governs a Rule 35 independent medical examination. The instant complaint was filed in federal court pursuant to 28

U.S.C. § 1333, which provides exclusive jurisdiction to federal courts in "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled." Florida rules and law are applied only if there is no applicable federal rule and the state law provides a necessary supplementary rule. *Szollosy v. Hyatt Corp.*, 396 F.Supp.2d 159, 164 (D.Conn.2005). As the defendant points out, Dr. Sher's office is only 14 miles from the Fort Lauderdale Courthouse, and thus does not impose an undue burden or hardship. With the Court being advised, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Compel Plaintiff to Appear for Rule 35 Examination is GRANTED. The plaintiff shall appear for an independent medical examination before Dr. Jerry Sher.