Catherine CULHANE, Plaintiff,

v.

MSC CRUISES (USA), INC., and MSC Crociere, S.A., Defendants.

No. 12–61760–CIV.

United States District Court, S.D. Florida.

June 12, 2013.

Jason Robert Margulies, Lipcon Margulies, Alsina & Winkleman, P.A., Miami, FL, for Plaintiff.

Elisha Sullivan, Darren Wayne Friedman, Jeffrey Eric Foreman, Brian Hugo McGuire, Foreman Friedman, PA, Miami, FL, for Defendants.

### *ORDER*

LURANA S. SNOW, United States Magistrate Judge.

THIS CAUSE is before the Court on the Plaintiffs Motion for Protective Order and to Compel Plaintiff's Deposition, Independent Medical Examination and Mediation to Take Place in New York Where the Plaintiff Resides (DE 30) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration.

This case arises out of personal injuries the Plaintiff sustained after falling down a flight of stairs while a passenger on the Defendants' vessel in September of 2011. The Plaintiff is the sole care giver for her husband, who suffers from progressive Alzheimer's disease. She moves for a protective order requiring that her deposition, independent medical examination (IME), and mediation between the parties take place in New York where she resides. She contends that if required to travel to Miami, she will need to be away from her husband for at least the three days to accomplish all three things. Her husband cannot be by himself for any amount of time, and there is no one else able to take care of him.[1] Alternatively, the Plaintiff requests that she be permitted to appear at deposition and mediation by telephone or video teleconferencing. The Defendants object and instead propose that if the Plaintiff cannot travel to Florida, she should be required to bear the extra cost the Defendants will incur if their representative and attorney are forced to travel to New York.

■ Federal Rule of Civil Procedure 26(c) provides that a court may, for good cause, issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including specifying terms including time and place for discovery. Although Rule 26 articulates "good cause" as the standard for ruling on a motion for protective order, the federal courts have imposed a more demanding balancing of interests approach to the Rule. *Farnsworth v. Procter & Gamble*, 758 F.2d 1545, 1547 (11th Cir.1985). In other words, "the Court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result." *Paxton v. Great American Insurance Co.*, 2009 WL 5064054 at *6 (S.D.Fla.2009). The party seeking protection has the burden of demonstrating good cause by making a particular and specific demonstration of fact, as opposed to stereotyped or conclusory assertions. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978).[2]

■ The parties agree that generally, the Plaintiff in an action should expect to be deposed in the forum where the action is pending. *Levick v. Steiner Transocean, Ltd.*, 228 F.R.D. 671, 672 (S.D.Fla.2005). This is also the case with respect to an independent medical examination to ensure that the examining doctor will be available as a witness at trial. *Id.* citing *Karter v. Holland America Line–Westours, Inc.*, 1996 WL 901712, at *1 (W.D.Wash. May 24, 1996). Nevertheless, the Plaintiff contends that because she did not choose the forum and instead was compelled to file suit in Florida pursuant to the terms of the Defendants' cruise ticket contract, it is appropriate for the Court to give less weight to the forum selection, and more consideration to facts supporting a more just location. In any case, if the Plaintiff can show undue burden and hardship, the general rule gives way. *Id.* citing *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002).

The Defendants contend that if the deposition, IME and mediation occur in Miami, only one person, the Plaintiff will be required to travel. If the Court requires that they occur in New York, counsel for both sides, and Defendants' representative would all be forced to travel to New York. Additionally, the Defendants would be required to incur

---

1. The Plaintiff submitted a letter from her husband's physician in support of her assertion that it would be a great medical hardship for him if she were required to travel to Florida.

2. In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

the expense of bringing the New York doctor to Florida for trial, and would potentially be required to travel to New York again to depose the doctor. Defendants cite the case of *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc.,* 2009 WL 3048698, 2009 U.S. Dist. Lexis 92349 (S.D.Fla. Sept. 18, 2009) in support of their position. In *Marrero,* the Court required the Plaintiff to appear for deposition in Florida, rather than requiring that it take place in Mexico. The court cited economic considerations which outweighed the Plaintiff's contention that he was an unwilling party and in poor health, although it noted that the Plaintiff had not substantiated his alleged current health problems. *Id.* at *3, 2009 U.S. Dist. Lexis 92349, at *9.

The Defendants also object to conducting the deposition and mediation by telephone or video teleconference. This would make it difficult to refer to documents and photographs central to their defense during deposition, and also would make it difficult to assess the Plaintiff's demeanor. An independent medical examination, of course, cannot be conducted telephonically.

Finally, the Defendants suggest as an alternative, that if the Court requires the deposition, IME and mediation to take place in New York, the Plaintiff be required to pay the additional costs associated with accommodating her, including Defendants' counsel's travel expenses, and the additional expense associated with flying an independent medical examiner from New York to Miami to testify at trial. The Defendants also request, if the Court orders this option, that it also preclude the Plaintiff from attending trial in Miami.

Although the Court is sympathetic to the Plaintiff's circumstances, she has not shown good cause why the deposition, medical examination and mediation should not occur in Florida. The economic factors clearly weigh in the Defendants' favor. The attorneys are in Florida, and for purposes of trial, it is more practical to use a physician in Florida to conduct the independent medical exam.

Further, the Court notes that the Plaintiff apparently is well enough to travel, and she has not suggested that her husband cannot travel with her, if necessary.[3] In fact, the letter provided by the Plaintiff's husband's doctor says only that the husband suffers from progressive Alzheimer's disease, with no indication of how far the disease has progressed, and that it would be a great medical hardship to him if the Plaintiff had to leave him while traveling to Florida. The doctor's letter does not preclude the possibility of the husband traveling with the Plaintiff. In short, the prejudice the Defendants will suffer if required to travel to New York, outweighs the prejudice the Plaintiff will suffer if required to travel to Florida, particularly if the deposition, examination and mediation are all scheduled to occur within a few days.

Nevertheless, if the Plaintiff would prefer to pay the extra cost incurred by the Defendants if the deposition, medical examination and mediation take place in New York, the Court will permit her that option. If the Plaintiff elects that option, the Court will not preclude her from attending trial in Miami.

Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Motion for Protective Order and to Compel Plaintiff's Deposition, Independent Medical Examination and Mediation to Take Place in New York Where the Plaintiff Resides (DE 30) is DENIED. However, the Plaintiff may opt to pay the extra cost incurred by the Defendants if the deposition, mediation and independent medical examination occur in New York including the cost for Defendants' representative and counsel to travel to New York for deposition and mediation, the cost associated with returning to New York to depose the independent medical examiner, if necessary, and the expenses associated with bringing the medical examiner to Miami for trial.

---

**3.** The Court rejects the option of video teleconferencing. Although both mediation and the Plaintiff's deposition could be accomplished in this manner, the Defendants correctly point out that the Plaintiff's medical examination will have to be in person.